*398 OPINION OF THE COURT
Paula J. Hepner, J.
The petition in this matter was filed on or about May 14, 1991 in Westchester County Family Court and on July 18, 1991 a fact-finding hearing was held. Thereafter the court entered a finding that the respondent committed an act which, if done by an adult, would constitute the crime of assault in the third degree under Penal Law § 120.00 (1) which is a class A misdemeanor. Pursuant to section 302.3 (4) of the Family Court Act the Judge in Westchester County ordered the proceeding transferred to the Family Court of Kings County for further action, and released the respondent to the custody of her mother pending the dispositional hearing.
On August 26, 1991 the case arrived in Kings County from Westchester County.[1] On August 27, 1991, the case appeared on the court’s calendar and a summons was issued for the respondent. The respondent appeared with her mother on the return date, September 23, 1991, and a new Law Guardian was assigned, as the attorney who represented the respondent in Westchester County was discharged at the conclusion of the fact finding. The court ordered a probation investigation, pursuant to Family Court Act § 351.1 (2) and adjourned the case to October 30, 1991. On October 30, 1991 the Law Guardian requested time to submit a written motion dismissing the proceeding, and whatever rights the respondent may have had to a "speedy disposition” were waived by the respondent’s attorney at that time in order to prepare the motion.
The Law Guardian asks the court to dismiss the petition, pursuant to Family Court Act § 350.1 (2), which provides that in all cases where the respondent is not detained, "the dispositional hearing shall commence not more than fifty days after entry of an order [fact finding] pursuant to [Family Court Act §] 345.1.” Respondent argues that the time from which to measure the 50 days begins on August 5, 1991 when the Westchester court entered the fact-finding order. Therefore the court was required to conduct a dispositional hearing before September 24, 1991. When the case was adjourned from September 23, 1991 to October 30, 1991, that adjournment exceeded the 50 days provided for in the statute, and since the Kings County court made no finding of "good cause” or "special circumstances,” pursuant to Family Court Act § 350.1 *399 (3) or (5) to warrant an adjournment beyond the 50th day, the case must be dismissed for failure to provide the respondent with a "speedy disposition.”
The presentment agency correctly argues that when the case was transferred from Westchester County, no court date was set. Therefore, on August 27, 1991 when the case appeared in Kings County Family Court, the respondent did not appear because she had not been notified of the August date by either court. The petitioner argues that there is no right to a "speedy disposition” under Family Court Act § 310.2 and further that the respondent’s right to a disposition in 50 days has not been violated. The presentment agency contends that the respondent did not object to the adjournment on September 23, 1991 and therefore any requirement that there be an "explicit waiver” by the respondent has been overcome by her silence. To the extent that there is any requirement for "good cause” or "exceptional circumstances,” the presentment agency argues that on September 23, 1991 the court made a record setting forth the reasons necessitating additional time,[2] consequently the case should not be dismissed.
It is clear to this court that the drafters of article 3 of the Family Court Act did not contemplate or provide for the consequences of inter-county transfers within the Family Courts authorized under Family Court Act § 302.3 (4).[3] Time frames for calendaring cases are set forth in the statute for a variety of other situations: (1) court appearances following the issuance of a Family Court appearance ticket (Family Ct Act § 307.1); (2) court appearances following the filing of a petition, otherwise known as the "initial appearance” (Family Ct Act § 320.2); (3) pretrial transfers between different courts pursuant to CPL 725.05 (Family Ct Act § 340.1 [3]); and (4) posttrial or postplea transfers between different courts pursuant to CPL 220.10, 310.85 and 330.25 (Family Ct Act § 350.2 [1]).
*400 Family Court Act § 350.2 (1) is the closest analog to the situation presented by an inter-county transfer within the Family Courts between fact finding and disposition. To account for the delays occasioned by inter-court transfers, e.g., from the Supreme Court or Criminal Court to the Family Court, Family Court Act § 350.2 (1) adjusts the date of the fact-finding hearing. It alters the date on which the original fact-finding order was made by the first court to the date the case is filed after removal in the second court.[4] Under Family Court Act § 350.2 (2), the clerk of the court is to calendar an appearance within seven days from the date the order of removal was filed and "[a]t such appearance the court shall schedule a dispositional hearing.” If this court were to apply the procedure for transfers pursuant to Family Court Act § 350.2 (1) to cases involving inter-county transfers between the Family Courts, pursuant to Family Court Act § 302.3 (4), August 27, 1991 (the date the case was filed in Kings County) would be considered the fact-finding date, instead of July 18, 1991 (the date the order was actually entered by the Judge in Westchester County). Were the provisions of Family Court Act § 350.2 (2) applicable to the facts of this case, the clerk would have issued notice to the respondent and calendared the case for September 3, 1991 instead of calendaring the case for August 27, 1991 without notice.
 In the absence of any statutory guidance for this particular situation, this court holds that Family Court Act § 350.2 offers a workable, interim solution for cases involving inter-county transfers within the Family Court pursuant to Family Court Act § 302.3 (4). Therefore, in accordance with Family Court Act § 350.2 (2), the court holds the 50 days should begin to run from the date of the respondent’s scheduled appearance and not, as the respondent contends, from the date on which the original fact-finding order is made and the transfer authorized. On August 27, 1991, neither the clerk of this court nor this Judge notified the respondent to appear within seven days as the statute provides.[5] Nevertheless, 7 of *401 the initial 27 days allocated by this Judge for service of a summons are properly chargeable to the notice provisions of Family Court Act § 350.2 (2), and the correct date from which to measure the 50 days should be September 3, 1991.[6] On September 23, 1991, when the respondent actually appeared and was assigned counsel, the case was adjourned an additional 37 days (to October 30, 1991) without objection from respondent. This was 7 days beyond the 50th day (measured from September 3, 1991) in which dispositional hearings are required to take place unless there has been a finding of "good cause.” In essence, the court found "good cause” for the additional seven days when the adjournment was granted on September 23, 1991 and none of those reasons were attributable to calendar congestion or the court’s backlog. They were for the benefit of the respondent — to enable her to have effective assistance of counsel and to provide the court with quality reports to use in fashioning a dispositional order tailored to the respondent’s individual needs. The respondent has not been prejudiced by this court’s actions. It is neither in the interests of justice nor in furtherance of the rehabilitative purpose of the Family Court Act to dismiss the petition. To suggest that the court should have ordered a probation investigation on August 27, 1991, before the respondent appeared in Kings County, and had counsel, not only makes little sense, it would be a flagrant violation of the respondent’s constitutional rights to participate at each and every stage of the proceeding and to be represented by an attorney. Therefore, for all of the foregoing reasons, the respondent’s motion to dismiss the proceeding is denied. Since the dispositional hearing has been scheduled within the time frame required by Family Court Act §§ 350.1 and 350.2, it is not necessary to determine whether the respondent is entitled to a "speedy disposition.”

. Internal administrative procedures of this court require the clerk assign a Kings County docket number to this case.

. Counsel for the presentment agency states, at paragraph 2 of her answering papers, that "On this date, the Court placed on the record the circumstances peculiar to this case: that, on September 23, 1991 this is respondent’s first appearance in Kings County; the respondent is present with her guardian; counsel is appointed for dispositional purposes, no studies from probation have yet been ordered, an investigation and report from probation is the appropriate evaluation to be performed at this time; probation needs up to six weeks to perform the T & R;’ and 'I & R’ was ordered by this Court to be performed in five weeks. The adjourned date is set for October 30, 1991.”

. The Legislature is encouraged to develop a statutory amendment to address this omission.

. However, there are no "removal orders” in cases transferred pursuant to Family Court Act § 302.3 (4).

. When the case originally arrived in the Intake Part on August 27, 1991, the court was unable to find any authority governing the time frames under these circumstances, and moreover, believed the 50 days would begin when the respondent appeared with counsel or counsel was assigned. The original adjournment of 27 days was premised upon that belief. With further study of the relevant statutes set forth in this opinion, the court now revises that viewpoint.

. It is evident that the Legislature did not intend to include the time to serve the respondent notice of the Family Court proceeding within the 50 days set aside for probation investigations and diagnostic assessments required under Family Court Act § 351.1. Query whether the Legislature intended to include within the 50 days, time to permit the respondent to retain counsel after appearing. Family Court Act §350.2 does not address this matter. The entire statutory scheme of article 3, beginning with the definition of "initial appearance” contemplates that at each appearance thereafter, the respondent will have counsel. But in transfer or removal situations that is, more often, not the case.