OPINION OF THE COURT
Hancock, Jr., J.
Family Court Act § 340.1 (2) mandates that where, as here, a respondent is not in detention, a fact-finding hearing shall commence not more than 60 days after the conclusion of the initial appearance except as provided in subdivision (4) of the statute. Subdivision (4) permits a court to adjourn a fact-finding hearing on its own motion or on motion of the presentment agency for good cause shown for not more than 30 days. Subdivision (5) provides that the "court shall state on the record the reason for any adjournment of the fact-finding hearing” (Family Ct Act § 340.1 [5] [emphasis added]). Finally, subdivision (6) states that successive motions to adjourn "shall not be granted in the absence of a showing, on the record, of special circumstances” (§ 340.1 [6] [emphasis added]).
In this case, respondent failed to appear at a timely set fact-finding hearing and a bench warrant was issued. Approximately 150 days passed before he was involuntarily returned on the warrant. During that time, the presentment agency made no motion to adjourn the hearing and no adjournment was ever ordered. Accordingly, the court made no statement of the reason for any adjournment on the record. The question in this case is posed by the presentment agency’s argument that the issuance of the bench warrant following respondent’s failure to appear at the first scheduled hearing should have the practical effect of relieving the agency and the Family Court of their obligations to meet the statutory requirements of showing good cause for the initial 30-day adjournment under subdivision (4) (b) and special circumstances for subsequent adjournments under subdivision (6). Stated another way, should respondent’s failure to appear be held to have resulted in a waiver of the requirements under Family Court Act § 340.1 (4), (5) and (6) that adjournments of hearings must *401 be by permission of Family Court on a showing of good cause or special circumstances? The Appellate Division granted respondent’s motion to dismiss the proceeding, concluding that Family Court Act § 340.1 was not satisfied since the agency “did not avail itself of the statutory provisions for obtaining adjournments” (160 AD2d 338, 340). We agree and, accordingly, for reasons stated below, affirm.
I
On February 17, 1988, the presentment agency filed a petition charging that respondent, while aiding another, committed acts which if committed by an adult would constitute the crimes of robbery, first and second degrees. Specifically, the petition alleged that a 13 year old, Jose B., was walking home from school when he was kicked and knocked down by another schoolmate, Joseph B., who held a knife to Jose’s neck. Respondent, also then 13 years old, allegedly ran to the scene and poked Jose’s arm with his own knife. In response to Joseph’s demands, Jose gave Joseph all his money — one dollar and 10 cents. Then Joseph and respondent ran away.
Respondent failed to appear before the court on February 17 and a bench warrant was issued. On May 26, 1988 respondent was brought in on that warrant and made his initial appearance. Family Court set the fact-finding hearing date for July 8, 1988. Again, respondent failed to appear and another bench warrant was issued. On December 5, 1988, the authorities brought respondent to court on the second warrant. Family Court adjourned the matter until December 12, 1988 in order to decide respondent’s omnibus motion and again adjourned the hearing on December 12 because of respondent’s unrelated arrest. The fact-finding hearing was held on January 25, 1989.
Respondent made a motion to dismiss on speedy hearing grounds. At issue was the 150 days between July 8 and December 5, 1988. Family Court denied respondent’s motion to dismiss the petition as violative of the speedy hearing provision concluding that respondent’s "voluntary absence from the court is not in any way chargeable to the People, or to the court”. After the fact-finding hearing, Family Court found that the charges in the petition were sustained. The Appellate Division reversed on the law, and granted respondent’s motion to dismiss the petition. This court granted leave to appeal and we now affirm.
*402 II
Once a juvenile delinquency petition is filed, a respondent is statutorily entitled to a speedy fact-finding hearing (Family Ct Act § 310.2). Section 310.2 is analogous to the general speedy trial provision applicable to adult prosecutions (see, CPL 30.20). But, in addition, the Family Court Act provides, in an entirely separate statute, specific time limitations to govern fact-finding hearings. This section (Family Ct Act § 340.1) has no criminal procedure analogue (cf, CPL 30.30; see, Matter of Frank C., 70 NY2d 408, 412-414). Section 340.1 is "a true 'speedy trial’ provision[.j * * * [B]oth its language and its underlying purpose are directed toward bringing the accused juvenile to trial within [the] specified * * * period * * * [barring] adjournments in the event of 'good cause shown’ or 'special circumstances.’ ” (Matter of Frank C., supra, at 413-414.) In contrast to a criminal prosecution, juvenile delinquency proceedings are civil in nature,, the purpose, in part, being rehabilitation of the child through consideration of the needs and interests of the child (see, Family Ct Act § 301.1; see generally, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 301.1, at 263-267). The speedy hearing provision furthers this purpose by assuring swift and certain determinations of juvenile delinquency proceedings (see, Mem in support of A-7974-A, Bill Jacket, L 1982, ch 920; see generally, People ex rel. Guggenheim v Mucci, 32 NY2d 307).
Obviously, in order to achieve these aims, supervision and monitoring by Family Court are important. Section 340.1 furnishes the mechanism. It sets forth strict time requirements (Family Ct Act §340.1 [1], [2]). These requirements must be met "except as provided in subdivision four” (id.). Subdivision (4) permits a court to adjourn a fact-finding hearing for 30 days for "good cause” shown (§ 340.1 [4]). Successive motions to adjourn may not be granted unless "special circumstances” are shown on the record to exist, and such circumstances shall not include calendar congestion or the status of the court’s docket (§ 340.1 [6]). The court is required to state the reason for any adjournment on the record (see, § 340.1 [5]).
The fact-finding hearing here should have commenced within 60 days of respondent’s May 26, 1988 initial appearance unless a statutory exception applies (§ 340.1 [2]). There is no dispute that the fact-finding hearing was delayed for 150 days without a motion for an adjournment, without an order *403 of adjournment and, accordingly, without any statement on the record for the "reasons for the adjournment” (see, § 340.1 [4]-[6]). The presentment agency argues that, notwithstanding the "technical” noncompliance with the statute, the motion to dismiss should not be granted under these facts because the juvenile did not appear at the timely set fact-finding hearing, a bench warrant was issued for his arrest and these facts would clearly have justified an adjournment for "good cause” and "special circumstances”. Thus, the agency argues that it has demonstrated "special circumstances” as a matter of law and it should not be required to perform the "useless” and "resource-wasting tasks” of seeking successive adjournments.
The agency’s argument, of course, misses the point. The question is not what permission the court might have granted or what findings of good cause or special circumstances it might have made if the motions for adjournments mandated by section 340.1 (4) and (6) had been made. It is certainly possible, even probable, that some adjournments would have been permitted because of respondent’s failure to appear and that the case would have been saved from dismissal. Had the required procedures been followed, it appears unlikely that the matter would have been left to drift untended for approximately five months.[1] The sole question, then, is not what might have happened if the statute had been complied with but what should happen because it was not complied with.[2] Provisions of Family Court Act § 340.1 are mandatory. The Legislature has seen fit to require as a condition for adjourning a hearing that the court must order it and make findings on the record of good cause for the first 30-day adjournment and of special circumstances for subsequent adjournments. The statute contains no exception from these mandates when *404 the juvenile has failed to appear and is being sought under a bench warrant.
At least one lower court, however, has agreed with the agency’s argument (see, Matter of Jerome S., 157 AD2d 286) as would the dissent. While we are not unsympathetic to the agency’s concerns, particularly in light of the reality of a much overworked Family Court system (see, Wachtler, Ch. J., 1990 State of the Judiciary), we nonetheless conclude that creating such an exception would amount to nothing less than an impermissible judicial rewriting of the statute.
Providing for an automatic retroactive adjournment of unlimited duration based solely upon a failure of a juvenile to appear for a hearing and the issuance of a bench warrant would in no way advance the aims of ensuring a swift and certain determination of the proceeding and supervision of the juvenile. Under the rule suggested, until the warrant is executed and the child is returned to court, the presentment agency and the court could do nothing. The proceeding could languish in the docket of Family Court. There would be no sanction. The agency would have no incentive to proceed and the court no responsibility for monitoring the case and inquiring into the reasons for the delay.
Holding that a juvenile’s failure to appear and the issuance of a bench warrant effect an "automatic” adjournment for "special circumstances” would be contrary to the clear mandate of the statute which provides that, except for adjournments based upon the required showing on the record (see, Family Ct Act § 340.1 [2]-[6]), a hearing must be héld within 60 days of respondent’s initial appearance.[3] The proffered rule would interject the notion of "chargeable time” under CPL 30.30 into this Family Court proceeding. Whatever practical purposes may be advanced by the agency’s rule, it would transform Family Court Act § 340.1 into a prosecutorial readiness rule — not a speedy hearing rule. As this Court has *405 emphasized, however, the principles set forth in CPL 30.30, which governs adult criminal proceedings and focuses only on prosecutorial delays, are not to be read into Family Court Act § 340.1. The two statutes have "very different language, history and purposes” (Matter of Frank C., 70 NY2d, supra, at 412).[4] Notábly, the Legislature enacted the strict time requirement of Family Court Act § 340.1 despite expressed concerns with the burdens it would impose on the Family Court system (id., at 414, citing Bill Jacket, L 1982, ch 920, Mem of Office of Court Admin and Mem of Assn of Judges of Family Court of State of NY).
The dissent agrees with the presentment agency that the failures of the agency and the court to comply with Family Court Act § 340.1 may be ignored and the statutory requirements treated as " ’essentially empty act[s]’ ” (see, dissenting opn, at 409). That a failure to make a timely motion should be forgiven because the motion, if made, would have been granted would be a novel and surprising doctrine in any context. Suffice it to say the presentment agency offers no authority to support it and we do not choose to adopt it here in view of the mandatory speedy trial protections that the Legislature has chosen to enact.
The dissent’s arguments in favor of a blanket rule which would permit all time periods following a juvenile’s failure to appear in court to be "charged” to the juvenile are better addressed to the Legislature than adopted by our Court as the basis for an exception which neither the language of the statute nor its history suggests the Legislature ever intended.
In sum, we agree with the Appellate Division that the statutory speedy hearing provision was not satisfied and that this proceeding should be dismissed. Accordingly, the order of the Appellate Division should be affirmed, without costs.

. Respondent’s counsel here suggests that respondent was living at a known address during the pendency of this proceeding and hypothesizes that this 13-year-old respondent may have simply forgotten about the initial hearing date. Of course, because no adjournment motions were made, the true facts were never developed in the record.

. Nor is there any merit to the presentment agency’s argument that giving the speedy hearing requirement (Family Ct Act § 340.1) its intended effect will " 'reward’ a respondent who, as here, voluntarily chose not to appear for his fact-finding hearing, with dismissal of the petition.” (Appellant’s brief, at 17.) It is because the statute was not complied with — not because respondent "eluded capture” — that the petition was dismissed. In any event, as amicus Juvenile Rights Division of the Legal Aid Society of the City of New York notes "there is no record showing that respondent’s absence was in fact 'voluntary’ ” (amicus brief, at 7).

. The categorical rule that the presentment agency would have us adopt would apply not only to 13 year olds, but to children as young as 7 years of age (see, Family Ct Act § 301.2 [1] [a]). As amicus Juvenile Rights Division of the Legal Aid Society of the City of New York points out ”[t]here are any number of innocent explanations for a child’s failure to attend a court date, including mere forgetfulness, the inability of a parent to transport and accompany the child to court * * * or a child’s confusion or misunderstanding of court procedures * * *. Once a date has been missed, it is unlikely that a child will know what steps should be taken to arrange for a new date, or even be aware that such action is necessary” (amicus brief, at 7-8).

. In its statutory construction argument the dissent maintains that because Family Court Act § 340.1 was enacted in 1982 — two years before the Legislature decided to amend the Criminal Procedure Law to include a specific exception for abscondment (see, CPL 30.30 [4] [c]) from the prosecutorial readiness requirement of CPL 30.30 — we should assume that even though it did not do so, the Legislature intended to write in a similar exception to the speedy hearing provision in Family Court Act § 340.1 (see, dissenting opn, at 408). No precedent or rule of construction is cited to support this argument. Whatever the logic of this reasoning, the argument seems particularly perplexing in view of the fact that twice since 1984 Family Court Act § 340.1 has been amended (L 1985, ch 663; L 1990, ch 223) and the Legislature has not seen fit to write in a similar exception.