OPINION OF THE COURT
Gloria M. Dabiri, J.
By juvenile delinquency petition dated June 15, 1990 the respondent Robert S. is charged with committing acts which if committed by an adult would constitute criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third *976 degree (Penal Law § 220’16 [1]), criminal facilitation (Penal Law § 115.00 [1]) and other related crimes.
The respondent seeks dismissal of the petition pursuant to section 320.2 (1) of the Family Court Act because he was not arraigned within 10 days after the filing of the petition. In opposition to the motion, the presentment agency argues that the respondent’s failure to appear pursuant to a prepetition appearance ticket (Family Ct Act § 307.1) and the postpetition issuance of a warrant constitute "good cause” for not holding the initial appearance within 10 days. The Assistant Corporation Counsel declined the opportunity for a hearing or to submit additional documentation in order to establish that reasonable efforts were made to execute the warrant. The presentment agency rested solely upon the written affirmation in opposition to the motion.
The question raised by the instant motion is whether the issuance of a warrant, without evidence of a good-faith effort to execute same, constitutes good cause, within the meaning of Family Court Act § 320.2 (1), for failure to arraign a respondent within 10 days after the filing of a delinquency petition.
FACTS
The relevant facts, as set forth in papers submitted by both counsel, are as follows: The respondent was arrested for the instant offenses on February 26, 1990 and released into the custody of his mother. At the time of his release the respondent and his mother were provided with an appearance ticket directing that they appear before the Probation Department of Family Court, Kings County, on March 23, 1990. Neither the respondent nor his mother appeared on March 23, 1990. The agency did not file the instant petition until June 15, 1990. On that date, apparently due to respondent’s prior failure to appear pursuant to the appearance ticket, the intake court issued a warrant for the respondent.
The respondent was not arraigned on the instant petition until more than one year later when, on August 8, 1991, he was arrested on the warrant and brought before the court. Attorney for the respondent asserts that respondent resided at the address listed on the petition during the entire period from February 26, 1990 through the time of his arrest on August 8, 1991. This assertion is unchallenged by the presentment agency.
*977 DISCUSSION
Family Court Act § 320.2 (1) provides that "the initial appearance shall be held as soon as practicable, and, absent good cause shown, within ten days after the petition is filed.” The "initial appearance” is akin to the arraignment of a defendant in criminal proceedings. The term is defined by Family Court Act § 320.1 as the date on which the respondent first appears before the court, after a petition has been filed, for the purpose of advising him and his counsel of the charges, furnishing them with a copy of the charges, determining the necessity of detention, and setting the schedule for motions, a probable cause hearing and fact finding.
"Once a juvenile delinquency petition is filed, a respondent is statutorily entitled to a speedy fact-finding hearing (Family Ct Act § 310.2).” (Matter of Randy K., 77 NY2d 398, 402 [1991].) Family Court Act § 310.2, the speedy fact-finding provision, is derived from CPL 30.20 (1) which establishes a right to a speedy trial following the commencement of a criminal action. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 310.2, at 330.)
Specific time limitations governing application of Family Court Act § 310.2 to each stage of the delinquency proceeding from arrest through disposition are set forth in separate provisions of article 3. Thus, Family Court Act § 307.1 sets forth a maximum 14-day (72 hours for designated felony arrests) return date for a Family Court appearance ticket. Family Court Act § 308.1 sets forth time limitations for the adjustment of cases by the court’s Probation Department. No time limits are set for the filing of the petition by the presentment agency other than the Statute of Limitations applicable to criminal proceedings (see, Family Ct Act § 302.2). However, once a petition is filed Family Court Act § 320.2 requires that, when the respondent is not detained, the initial appearance occur within 10 days, except for good cause shown. Thereafter, pretrial motions must be filed within 30 days (Family Ct Act § 332.2), a fact-finding hearing held within 60 days, in the absence of good cause or special circumstance adjournments (Family Ct Act § 340.1), and a dispositional hearing held within 50 days after fact finding (Family Ct Act § 350.1).
In Matter of Randy K. (supra), the Court of Appeals addressed the question of whether the respondent’s postarraignment failure to appear for a scheduled fact-finding hearing and the resulting issuance of a bench warrant resulted in a *978 waiver of the requirement under Family Court Act § 340.1 that adjournments beyond 60 days after arraignment be made by permission of the court upon a showing of good cause or special circumstances. As previously mentioned, Family Court Act § 340.1 provides that where a respondent is not detained, the fact-finding hearing must commence no more than 60 days after conclusion of the initial appearance. (Family Ct Act § 340.1 [2].) Family Court Act § 340.1 further provides that upon its own motion or upon the motion of the presentment agency, "for good cause shown”, the court may grant a 30-day adjournment (Family Ct Act § 340.1 [4] [a]). Thereafter, only upon a "showing, on the record, of special circumstances”, the court may grant a further adjournment. (Family Ct Act § 340.1 [6].) Family Court Act § 340.1 (5) provides that the court shall state on the record the reason for any adjournment of the fact-finding hearing.
In Randy K. (supra) the Court of Appeals held that the failure of the agency to avail itself of the statutory provisions for obtaining adjournments beyond the 60 days required dismissal of the petition. The court noted that the purpose of juvenile delinquency proceedings is rehabilitation of the child through consideration of the needs and interests of the child. It found that an implied automatic adjournment premised upon an outstanding bench warrant would in no way advance this aim. (Matter of Randy K., 77 NY2d, at 402, 404.) Rather, implied automatic "good cause” or "special circumstances” adjournment based upon an outstanding warrant would provide the agency with "no incentive to proceed and the court [with] no responsibility for monitoring the case and inquiring into the reasons for the delay.” (Supra, at 404.)
In Randy K., the court specifically rejected the agency’s argument that dismissal of the petition for noncompliance with Family Court Act § 340.1 effectively rewards a respondent who voluntarily chooses not to appear. The court noted that it was not the nonappearance of the respondent but rather the agency’s failure to comply with Family Court Act § 340.1 which resulted in dismissal of the petition. (Supra, at 403.) Moreover, the court noted that there was no record before it concerning whether the respondent’s nonappearance was in fact voluntary, and that there are in fact a number of innocent explanations for a child’s failure to attend a court date. (Matter of Randy K., supra, at 403-404, nn 2, 3.)
The reasoning of the Court of Appeals in Randy K. (supra) compels dismissal of the petition herein. This court finds that *979 whereas, upon the instant motion to dismiss, the presentment agency has failed to demonstrate that it made a good-faith effort to execute the warrant, the petition must be dismissed. Here, as in Randy K., the presentment agency merely argues that issuance of a bench warrant should have the practical effect of relieving it of the obligation of showing "good cause” for noncompliance with a statutorily mandated time limitation. Such argument is even less compelling in this case than it was in Randy K. Here, the warrant was issued as a result of the respondent’s noncompliance with an appearance ticket which was returnable prior to the filing of the petition. In Randy K., the warrant was issued subsequent to the initial appearance when the respondent failed to appear on a scheduled fact-finding date.
The respondent argues further that section 320.2 requires that the presentment agency make application for an extension of time for arraignment within 10 days of the filing of the petition and within each successive 10-day period thereafter. (See, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.2, at 363.) However, this issue need not be addressed in order to conclude that the circumstances herein require dismissal.
Accordingly, the petition is dismissed.