In the Matter of CARLOS T., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, January 26, 1993

APPEARANCES OF COUNSEL

*Pamela Seider Dolgow* of counsel *(Ronald E. Sternberg* and

*Leonard Koerner* with her on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for appellant.

*Raymond E. Rogers* of counsel *(Lenore Gittis,* attorney), for respondent.

## OPINION OF THE COURT

WALLACH, J.

This appeal involves the "speedy hearing" provisions governing a juvenile delinquency proceeding. Section 340.1 (2) of the Family Court Act requires that a nondetained respondent be brought before a fact-finding hearing within 60 days of his initial appearance. The statute further provides that the court may adjourn the hearing for up to 30 days on its own motion (subd [4] [a]), or, upon a showing of good cause, on motion of the respondent (subd [4] [b]) or the presentment agency (subd [4] [a]). Subsequent adjournments may be granted upon a showing of special circumstances (subd [6]). "Special circumstances" are not defined in the statute, other than that they be unrelated to such obstacles as court calendar congestion or case backlog.

Respondent first appeared in Family Court on March 8, 1991, at which time the juvenile delinquency petition was filed. Under the statute, the fact-finding hearing should have commenced, in the normal course of events, no later than May 7. The hearing was initially scheduled for April 18. Various motions were litigated in the interim. On April 18 respondent appeared by Legal Aid counsel who requested an adjournment because her colleague, to whom the case was assigned, was out sick. The court adjourned the matter to April 30. When petitioner asked if respondent's Law Guardian was "waiving speedy trial", the court indicated that such a determination prior to May 7 would be premature.

On April 30 respondent appeared by still another Legal Aid attorney and requested an additional adjournment because the same attorney assigned to the case was still ill. This time counsel offered to waive speedy trial objections "from today to whatever—", but the court rejected the proffered waiver as impermissible, citing *Matter of Randy K.* (77 NY2d 398) and *Matter of Frank C.* (70 NY2d 408). Instead, the court made a "good cause" finding and again adjourned the case, this time to May 30.

Having thus obtained 42 days of adjournments (including 23 days beyond the statutory 60-day deadline) attributable to the

illness of the Legal Aid attorney supposedly assigned and uniquely equipped to handle this case, respondent next appeared on May 30 by still a third Legal Aid attorney who announced that *she* was prepared to go forward with the hearing. This time it was petitioner who requested a one-week adjournment (to the 90th day) because the two arresting officers were not available. One of them was on sick leave and would not be back until the following week. At the court's request, petitioner promised to obtain and present documentation of that illness purportedly preventing his appearance. The other police officer was reported to be on vacation out of State, but due to return in four days. The court then adjourned the case to its next available calendar date, June 10, at which time the merits of petitioner's adjournment request would be considered.

On June 10, the 94th day after his initial appearance, and now represented in court by the attorney originally assigned the case, respondent moved to dismiss on speedy hearing grounds. Petitioner's papers in opposition included documentation that the second officer had been out of State on annual leave until June 3. Petitioner considered that officer's availability not critical in going forward on the fact-finding hearing, as long as the first officer was available. Documentation was presented indicating that the primary officer witness had signed out on sick leave from May 29 until 4:00 P.M. on May 30.

The court delivered its decision on June 20. After rebuking Legal Aid Society for obtaining the first two adjournments on questionable grounds (namely, by falsely representing that only the absent attorney was able to try this case), the court nevertheless dismissed the case for petitioner's failure to present special circumstances warranting an additional adjournment beyond May 30. The court ruled that evidence that the first officer was on sick leave was insufficient to prove his inability to testify in court that day, noting that a sprained wrist, for example, would not necessarily prevent a witness' court appearance. As to the second officer's documented status on leave "out of State", the court ruled that this showing was also insufficient, inasmuch as some out-of-State locations (e.g., Newark) would be close enough to have permitted his recall to testify. The court held that dismissal of the case was mandated by the *Randy K. (supra)* and *Frank C. (supra)* decisions.

The court erred, both in its interpretation of the *Frank C. (supra)* and *Randy K. (supra)* decisions, and in its analysis of

the pertinent facts. *Matter of Randy K.* stands for the proposition that where special circumstances exist, it is still incumbent on the petitioner to move for successive periods of adjournment. The respondent in that case was a fugitive for whom a bench warrant had issued, but the presentment agency failed to toll the statute by making formal motion(s) for adjournment(s) based on those special circumstances. Such failure deprived the court of an essential basis in the record to justify any adjournment, thus necessitating dismissal. Here, by contrast, there was a formal request, on the record, for a brief additional adjournment.

In the earlier *Matter of Frank C. (supra),* the Court of Appeals ruled that absent a showing of special circumstances, as required by statute, a mere conclusory statement that delays were beyond the control of the presentment agency is insufficient to salvage a proceeding which cannot be brought to hearing in a timely fashion. Furthermore, the determination as to whether the causative circumstances are indeed "special" must be made on a case-by-case basis.

The nature of the circumstances causing delay until 23 days after the initial deadline were acknowledged by the Family Court itself: the presentment agency was ready at all times to proceed, whereas respondent twice gave a reason for delay that ultimately proved—once the threshold of the statutory deadline was crossed—to be spurious. This should have raised —and did raise—a serious question as to whether respondent had in fact demonstrated good cause in obtaining his adjournments. The court even intimated on the record that respondent's counsel was guilty of "sharp practice". To sanction such conduct would be to encourage employment of this kind of ruse in future proceedings, thus defeating the fundamental purpose of the statute.

In *Matter of Jerome S.* (157 AD2d 286, 291), the Second Department held that the "adjournment provisions of the statute were intended to function as a means of forestalling unwarranted delay, not as a sword to be employed by a respondent who delays the proceeding and then subsequently argues that it must be summarily dismissed as a consequence." The Court then went on to hold that under such circumstances the presentment agency should not be required to take the " 'essentially empty act' " of formally requesting further adjournment *(supra,* at 291). It was that latter characterization of useless formality with which the Court of Appeals disagreed, 10 months later, in *Matter of Randy K.*

*(supra).* The instant case is, again, distinguishable from *Randy K.* in that here the presentment agency did make a formal request for the minimal adjournment. At least one commentator believes that even in the wake of *Randy K.,* the Second Department's primary admonition in *Jerome S.* still survives, namely, that a respondent under such circumstances should not be permitted to benefit from his own misdeeds *(see,* Besharov, 1991 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 310.2).

In *Matter of Frank C. (supra)* there never was a claim of special circumstances, or even good cause, for any of the adjournments. Here, to the contrary, the court found good cause for each of respondent's requested adjournments; then, three weeks after the initial statutory deadline had passed, the court noted, but chose to overlook, the questionable circumstances by which respondent had obtained his earlier adjournments, and instead microscopically examined and rejected petitioner's request for adjournment on the mistaken belief that such a result was mandated by *Randy K. (supra)* and *Frank C.* The court had no cause for such skeptical rigor in assessing the documentary evidence in support of petitioner's request for a minimal adjournment *(see, Matter of Lawrence C.,* 152 AD2d 693). The combination of respondent's questionable tactics and petitioner's subsequently documented request for adjournment together constituted "special circumstances" sufficient to have warranted the brief further adjournment sought. Nothing in either *Randy K.* or *Frank C.* dictates otherwise.

Accordingly, the order of Family Court, New York County (Jeffry H. Gallet, J.), entered June 20, 1991, which dismissed the juvenile delinquency proceeding because of petitioner's failure to commence a fact-finding hearing in a timely fashion, should be reversed, on the law, and the petition should be reinstated, without costs.

SULLIVAN, J. P., ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Order of Family Court, New York County, entered June 20, 1991, which dismissed the juvenile delinquency proceeding because of petitioner's failure to commence a fact-finding hearing in a timely fashion, is reversed, on the law, and the petition should be reinstated, without costs.