In the Matter of CHRISTOPHER WW., Alleged to be a Juvenile Delinquent, Appellant. ST. LAWRENCE COUNTY ATTORNEY, Respondent.

Third Department, April 8, 1993

APPEARANCES OF COUNSEL

*Malcolm B. O'Hara, Law Guardian,* Glens Falls, for appellant.

*Peter B. Lekki,* Canton *(Charles B. Nash* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Respondent was the subject of a juvenile delinquency petition charging numerous acts, the most serious of which, if committed by an adult, would constitute burglary in the first degree *(see,* Penal Law § 140.30 [3]), a class B felony. Following a fact-finding hearing, the matter was continued until the scheduled dispositional hearing on June 10, 1991, at which time respondent failed to appear. A bench warrant was issued but respondent was not apprehended until October 3, 1991; respondent was arraigned on that date and the matter was continued until October 10, 1991. On that date, respondent's counsel made an oral motion to dismiss the petition based upon the failure to comply with the requirements of Family Court Act § 350.1 governing the time in which a dispositional hearing must be held. Family Court reserved decision but apparently proceeded with the dispositional hearing. Thereafter, by decision and order entered October 22, 1991, Family Court denied the motion to dismiss, finding that the remedy of dismissal was not intended for delays attributable to a respondent who has absconded and fails to appear at a scheduled hearing. Following the conclusion of the dispositional hearing on December 10, 1991, Family Court adjudicated respondent a juvenile delinquent and placed respondent in the custody of the Division for Youth for 18 months. These appeals by respondent followed.[1]

Respondent initially contends that there was insufficient evidence to find that he had committed an act which, if committed by an adult, would constitute the crime of burglary in the first degree. We disagree. Contrary to respondent's assertion, the record contains sufficient testimony to establish

---

1. It appears that respondent purports to appeal from Family Court's fact-finding order entered June 27, 1991, the order denying his motion to dismiss the petition entered October 22, 1991, and the dispositional order entered December 10, 1991. Although only the dispositional order is appealable as of right by respondent *(see,* Family Ct Act § 365.1 [1]), that order brings up for review Family Court's prior determination in this proceeding.

beyond a reasonable doubt *(see,* Family Ct Act § 342.2 [2]) that respondent knowingly and unlawfully remained in a dwelling with the intent to commit a crime therein and, while there, used or threatened the immediate use of a dangerous instrument *(see,* Penal Law § 140.30 [3]), to wit, a knife *(see,* Penal Law § 10.00 [13]).

Respondent next argues that Family Court erred in denying his motion to dismiss the petition for failure to hold a timely dispositional hearing. Family Court Act § 350.1 (2) provides that where, as here, the respondent has not been detained following the fact-finding hearing, the dispositional hearing shall commence not more than 50 days after entry of an order pursuant to Family Court Act § 345.1 (1), which requires that the court enter an appropriate order and schedule a dispositional hearing if the allegations or specific counts of the petition concerning the commission of a crime have been established. The 50-day period begins to run on the date on which the actual written order is entered, here, June 27, 1991 *(see, Matter of Roshon P.,* 182 AD2d 346, 348, *lv denied* 80 NY2d 762). Although Family Court may, for good cause shown, adjourn the dispositional hearing for not more than 10 days on its own motion or on motion of the presentment agency *(see,* Family Ct Act § 350.1 [3] [a]) or for not more than 30 days on a motion by the respondent *(see,* Family Ct Act § 350.1 [3] [b]), it must state the reason for any such adjournment on the record *(see,* Family Ct Act § 350.1 [4]) and successive adjournments shall not be granted absent a showing, on the record, of special circumstances *(see,* Family Ct Act § 350.1 [5]).

Here, the dispositional hearing was delayed for over five months until respondent was returned on the outstanding warrant. During that time, the presentment agency apparently failed to request an adjournment and, hence, no adjournment was ever ordered and there was no statement on the record regarding the reason for any such adjournment. Respondent, relying upon the Court of Appeals decision in *Matter of Randy K.* (77 NY2d 398), argues that the failure to comply with the time requirements set forth in Family Court Act § 350.1 mandates dismissal of the petition. Although *Randy K.* considered the effect of failing to comply with the time limitations, applicable to fact-finding hearings *(see,* Family Ct Act § 340.1), we note that but for the specific time limitations Family Court Act §§ 340.1 and 350.1 are virtually identical, and we are therefore constrained to conclude that

the rationale underlying the Court of Appeals decision in *Randy K.* applies with equal force to this proceeding.

The respondent in *Randy K. (supra)* failed to appear at a timely set fact-finding hearing and a bench warrant was issued. During the 150 days that passed before the respondent was involuntarily returned on the warrant, the presentment agency failed to request an adjournment and, as a result, no adjournment was ever ordered. On appeal, the presentment agency argued that its technical failure to comply with Family Court Act § 340.1 (4) and (6) should be excused because the respondent had absconded. The presentment agency reasoned that the respondent's failure to appear plainly would warrant an adjournment for "good cause" and "special circumstances" and that it should therefore be spared the task of seeking successive adjournments.

In rejecting the presentment agency's argument, the Court of Appeals noted that "[t]he Legislature has seen fit to require as a condition for adjourning a hearing that the court must order it and make findings on the record of good cause for the first * * * adjournment and of special circumstances for subsequent adjournments. The statute contains no exception from these mandates when the juvenile has failed to appear and is being sought under a bench warrant" *(Matter of Randy K.,* 77 NY2d 398, 403-404, *supra).* Thus, the Court concluded that "[h]olding that a juvenile's failure to appear and the issuance of a bench warrant effect an 'automatic' adjournment for 'special circumstances' would be contrary to the clear mandate of the statute" *(supra,* at 404).

A comparison of Family Court Act §§ 340.1 and 350.1 reveals, as we observed at the outset, that with the exception of the particular time requirements, the two provisions are virtually identical, and the legislative history indicates that each was enacted "to assure swift and certain adjudication at *all* phases of the delinquency proceeding" *(Matter of Frank C.,* 70 NY2d 408, 413 [emphasis supplied]). Although at least one court has concluded that there are legitimate distinctions to be drawn between the need for and right to a "speedy trial" versus a "speedy disposition" *(see, e.g., Matter of Jose Z.,* 154 Misc 2d 450, citing *People v Drake,* 61 NY2d 359), we are of the view that such an argument loses its force when confronted with a statute mandating that a dispositional hearing be conducted within a specific time frame *(compare,* CPL

380.30 [1], *with* Family Ct Act § 350.1).[2] We therefore conclude, based upon the majority decision in *Matter of Randy K. (supra)*, that the failure to comply with the requirements of Family Court Act § 350.1 under the circumstances present here mandates dismissal of the petition *(see, Matter of Faruq F.*, 186 AD2d 799).

In reaching this result, we wish to convey that we are not unsympathetic to the concerns expressed by the respective dissents in *Randy K. (supra)* and *Matter of Faruq F. (supra)*. Our decision no doubt imposes upon the presentment agency the rather time-consuming burden of seeking successive adjournments where, as here, the respondent flees and manages to elude the authorities for a substantial period of time. We must nevertheless conclude, as did the Court of Appeals in *Randy K.* and the Second Department in *Faruq F.*, that the remedy in this regard lies with the Legislature. We also wish to emphasize that while our decision may appear to have the unintended effect of rewarding respondent for his failure to appear at the scheduled dispositional hearing, the petition is being dismissed not because respondent managed to successfully elude the authorities but because the presentment agency failed to comply with the statute *(see, Matter of Randy K., supra,* at 403, n 1). To the extent that this Court reached a contrary result in *Matter of Brion H.* (161 AD2d 832), we decline to follow that case in view of the Court of Appeals more recent decision in *Randy K.*

WEISS, P. J., YESAWICH JR., LEVINE and MAHONEY, JJ., concur.

Ordered that the orders are reversed, on the law, without costs, and petition dismissed.

---

2. CPL 380.30 (1) provides that a sentence must be imposed "without unreasonable delay". Whether a delay in sentencing warrants dismissal generally depends upon the length of the delay and the reasons for it *(see, People v Drake*, 61 NY2d 359, 366, *supra; People v Davidson*, 158 AD2d 317, 318, *lv denied* 75 NY2d 965), and the statute itself provides the sentencing court with a fair degree of latitude in this regard. Such latitude is not present, however, in Family Court Act § 350.1.