■ In the Matter of ROBERT S., a Person Alleged to be a Juvenile Delinquent, Respondent. [596 NYS2d 148] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Dabiri, J.), dated December 23, 1991, which granted the respondent's motion to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

On February 26, 1990, the respondent was arrested for selling two vials of crack cocaine to an undercover police officer. He was released into the custody of his mother and was issued an appearance ticket directing that he return to court on March 23, 1990. The respondent failed to appear on that date.

On June 15, 1990, the presentment agency filed a juvenile

delinquency petition against the 16-year-old respondent. At that time, the Family Court issued a warrant for the respondent's arrest.

The respondent was returned to court involuntarily on August 8, 1991—nearly 14 months after the petition had been filed—and his initial appearance was held on that date. The respondent moved to dismiss the petition on the ground that his initial appearances was not held within 10 days after filing the petition (see, Family Ct Act § 320.2 [1]). He alleged that because he always resided at the address on the petition, the presentment agency did not show good cause for the delay in obtaining his presence for the initial appearance.

The Family Court granted the respondent's motion and dismissed the petition. We now affirm.

In seeking reversal of the Family Court's order, the presentment agency argues that the respondent's noncompliance with the warrant for his appearance alone constituted good cause for not holding the respondent's initial appearance within 10 days after the filing of the petition. We disagree. An automatic good-cause adjournment based solely upon an outstanding warrant "would in no way advance the aims of ensuring a swift and certain determination of the proceeding and supervision of the juvenile" (Matter of Randy K., 77 NY2d 398, 404). Here, the presentment agency did not show that it could not execute the warrant. Indeed, the presentment agency did not dispute the respondent's claim that he resided at the address given in the petition for the entire period following the issuance of the warrant. Under these circumstances, the Family Court properly dismissed the petition. Thompson, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur. [See, 152 Misc 2d 975.]