OPINION OF THE COURT
Bruce M. Kaplan, J.
The question presented in respondent’s omnibus motion brought on by order to show cause is whether the decision of the Appellate Division in Matter of Robert S. (192 AD2d 612 [2d Dept 1993], affg 152 Misc 2d 975 [Fam Ct, Kings County 1991, Dabiri, J.]) should be given retroactive affect.
Matter of Robert S. (supra) held that Family Court Act § 320.2 required the dismissal of a delinquency petition where there was a failure to hold an initial appearance within 10 days after a petition was filed, absent good cause shown. Judge Dabiri specifically rejected the presentment agency’s contention that the issuance of a warrant, due to the respondent’s failure to appear on the day the petition was filed, constituted, in and of itself, good cause. She ruled that the failure to attempt to locate the respondent within the 10-day period necessitated a dismissal of the petition.
In the instant case a warrant was issued when the respondent failed to appear on April 1, 1992, the day the petition was filed.
The presentment agency concedes that no attempt was made to locate respondent within 10 days of the issuance of the warrant so that an initial appearance could be held within 10 days after the petition was filed. It was only after she was returned on a warrant on April 26, 1993, that counsel was assigned, the initial appearance completed, and the instant motion brought on by order to show cause.
While Robert S. (supra) was decided by the Second Department its decision is binding on this court since neither the Court of Appeals nor the First Department has ruled on this issue. (Stewart v Volkswagen, 181 AD2d 4 [2d Dept 1992]; Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].)
Since the facts of this case are indistinguishable from Matter of Robert S. (supra), the court must determine whether that precedent should be given retroactive application as respondent contends, or prospective application as the presentment agency contends.
Since this matter involves the construction of a New York *924 statute, Family Court Act § 320.2, our analysis will be guided by principles of State constitutional law (People v Mitchell, 80 NY2d 519).
In People v Mitchell (supra), the Court of Appeals ordered prospective application to People v Antommarchi (80 NY2d 247) which construed CPL 260.20 to require that defendants be present when trial courts examined prospective jurors’ background, and ability to weigh evidence impartially. It noted that the holding in People v Antommarchi, "represented a dramatic shift away from customary and established procedure and it is reasonable to believe, as the People claim and defendants do not deny, that the change in the jury selection process will be substantial and affect most, if not all, appeals presently pending from jury trials.” (People v Mitchell, supra, at 525.)
While dealing with the construction of the statute, Mitchell (supra) observed that the type of questioning now enjoined by Antommarchi (supra) had been often approved by appellate courts.
It went on to note that the decision as to whether to give retroactive affect to a new rule should require evaluating three factors: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect on the administration of justice of retroactive application (People v Mitchell, supra, at 526, quoting People v Pepper, 53 NY2d 213).
The analysis utilized by Mitchell (supra) was first promulgated in People v Pepper (supra). Pepper examined whether People v Samuels (49 NY2d 218), which held that the right to counsel could not be waived except in the presence of counsel after an accusatory instrument had been filed, should be given prospective or retrospective application.
Pepper (supra) noted that Samuels (supra) occasioned a substantial change in the established decisional law with respect to right to counsel. Pepper focuses on the interaction between retroactivity considerations and dramatic changes in the established common law. Indeed, the decisional and scholarly authorities cited in that case all refer to instances where Judge made law had been overruled. The body of Pepper is replete with references to deviation from common law, Judge made law, and decisional law.

Retroactivity Analysis Is Not Relevant To This Matter.

In the instant case, the question of the overruling of exist *925 ing decisional law is not implicated. What is implicated is the apparent first impression construction of Family Court Act § 320.2 in Robert S. (supra) on December 23, 1991, and its affirmance by the Second Department on April 16, 1993.
In Gurnee v Aetna Life & Cos. Co. (55 NY2d 184), the Court of Appeals considered whether its construction of Insurance Law § 671 in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451) should be given retroactive application. It initially rejected the applicability of retroactivity analysis to a Court of Appeals decision interpreting a new statute. It noted that such analysis is traditionally employed when there has been an abrupt shift in controlling decisional law.
It noted that its own interpretation of section 671 of the Insurance Law provided that a person injured in a motor vehicle accident sustaining lost earnings of more than $1,000 per month could recover benefits of 80% of actual lost earnings up to a maximum of $1,000 a month. It rejected the claim that there had been a significant change from controlling precedent because the Insurance Superintendent had interpreted that section as limiting recovery for lost earnings to a maximum of 80% of $1,000 per month or $800. It observed that even if traditional retroactivity analysis were employed, its decision would be given full retroactive effect because retroactivity is the rule except where there has been a sharp break in the continuity of the law. It noted that its decision in Kurcsics (supra) did not establish a new principle of law, and went on to say that a judicial decision construing the words of the statute does not constitute the creation of a new principle. It was also impressed that the language of the section itself foreshadowed the result reached in Kurcsics.

Traditional Retroactivity Analysis Should Not Be Applied In This Matter,

But Even If It Were, Retroactive Application Would Be Mandated.

While the characterization "new rule” is not a wholly apposite one, the purpose of Robert S. (supra) is to carry forward the mandate of the Court of Appeals to require the most rigorous expedition in bringing juvenile delinquency proceedings to trial. (Matter of Frank C., 70 NY2d 408; Matter of Randy K., 77 NY2d 398; Matter of Nokia L., 80 NY2d 758.)
*926 The second criterion: "the extent of reliance on the old rule”, begs the question. There is no "old rule” susceptible of articulation. While the presentment agency alludes to the universal practice of not requesting a control date upon the issuance of a warrant when a respondent fails to appear on the date a petition was filed, the fact is that the only reported case on this subject was decided on the nisi prius level on December 23, 1991.
Counsel for petitioner would have us equate the slip shod, routine, but not invariable practice of issuing warrants when respondents failed to appear on the day a petition was filed, to the established body of controlling precedent central to the court’s definition of the term "old rule” in Pepper (supra).
The rationale for such practice, though not articulated, was not binding appellate authority, but more likely expediency, the following of the path of least resistance.*
The presentment agency was on notice that Family Court Act § 320.2 had been construed to require an attempt to execute a warrant which had been ordered for a respondent, within 10 days of its issuance, who had failed to appear on the date a petition was filed so that an initial appearance could be held within 10 days after the filing of the petition or good cause substantiated. It continued its old practice at its peril.
There would not be a deleterious effect on the administration of justice if Robert S. (supra) were applied retroactively. Since most juveniles appear on the date that the petition is filed, retroactive application of Robert S. would not result in the catastrophic consequences that the Court feared in Mitchell, where literally thousands of judgments of conviction from jury trials currently under appellate review would be implicated.
For these reasons, the court determines that Matter of Robert S. (supra) should be applied retroactively, and for this reason is constrained to dismiss the petition.

 One can sympathize with the frustrations by the presentment agency in seeking to comply with the mandate of Robert S. (supra). The presentment agency has no power to execute warrants, and with a backlog of several hundred thousand extant warrants, the police department’s warrant squad finds it impossible to enter warrants into its computer within 10 days, let alone trying to execute them. Legislative redress is the only viable solution.