*325 OPINION OF THE COURT
Paula J. Hepner, J.
The petition in this matter was filed on January 14, 1993 and upon application of the presentment agency, a warrant was issued for the respondent pursuant to section 312.2 of the Family Court Act. On May 10, 1993, the respondent voluntarily appeared, was assigned counsel and was arraigned on this petition. No facts were presented in the moving papers or at oral argument to explain why the respondent did not appear on January 14, 1993, how the respondent knew to come to court on May 10, 1993, or why he waited almost four months to appear. Nor were any facts presented upon this motion to establish what efforts, if any, were made to execute the warrant.
The respondent now moves to dismiss this petition on the grounds that an "initial appearance” was not held within 10 days after the petition was filed. He argues that because there was no application by the presentment agency for a "good cause” adjournment of his "initial appearance” beyond January 24, 1993, the petition must be dismissed pursuant to Family Court Act § 320.2 (1) and the Appellate Division’s decision in Matter of Robert S. (152 Misc 2d 975 [Fam Ct, Kings County 1991], affd 192 AD2d 612). The respondent cites the Court of Appeals decision in Gurnee v Aetna Life & Cas. Co. (55 NY2d 184 [1982], cert denied 459 US 837 [1982]) as authority for retroactive application of the holding in Robert S.
The presentment agency opposes the motion to dismiss and argues in support thereof that neither Matter of Frank C. (70 NY2d 408 [1987]) nor Matter of Randy K. (77 NY2d 398 [1991]) governs the prearraignment stages of a juvenile delinquency proceeding. Therefore, the presentment agency has no obligation to request a "good cause” or "special circumstances” adjournment by the tenth day after a warrant is issued. This is so, the presentment agency argues, because the statutory scheme of Family Court Act § 320.2 is different from the provisions of Family Court Act §§ 340.1 and 350.1, which were interpreted by the Court of Appeals in Frank C. and Randy K., in that this section lacks a "mandated schedule of adjournments involving prospective determinations of good cause or special circumstances”. Finally, the presentment agency argues that the retroactive application of the holding in Matter of Robert S. (supra) to cases already in litigation would have a *326 negative impact on the administration of justice, particularly since it has been a "universal practice within New York City counties, to issue warrants upon a failure to appear at arraignment, and to continue the warrants indefinitely until the respondent returns”.[1] The presentment agency cites People v Pepper (53 NY2d 213 [1981], cert denied 454 US 967 [1981]), in support of the position that Robert S. should not be applied retroactively.
LEGAL ANALYSIS
The juvenile delinquency petition in Matter of Robert S. (supra) was filed on June 15, 1990. Upon the respondent’s failure to appear when the case was filed, the court issued a warrant for the respondent. Almost 15 months later, on August 8, 1991, the respondent was arrested and brought to court, where the "initial appearance” took place when he was arraigned on the petition. Robert S. maintained that he was living at the address set forth in the delinquency petition the entire period the warrant was outstanding.
Family Court Act § 320.2 (1) provides that an "initial appearance * * * [i]f the respondent is not detained * * * shall be held as soon as practicable and, absent good cause shown, within ten days after a petition is filed”. Family Court Act § 320.2 was enacted in 1982 as part of the legislation which created article 3 and became effective July 1, 1983. While article 3 has been the subject of some legislative change since then, Family Court Act § 320.2 (1) has not been amended. Relying on Matter of Randy K. (supra) the Family Court granted the motion of Robert S. to dismiss the petition because the presentment agency failed to demonstrate a good-faith effort to execute the warrant.[2] The Appellate Division affirmed the dismissal holding that the presentment agency did not show that it was unable to execute the warrant and *327 did not dispute the respondent’s claim that he lived at the address given on the petition throughout the 15 months. The Appellate Division declined to rule that under Family Court Act § 320.2 an outstanding warrant provides a basis for an "automatic good-cause adjournment” because that, in no way, " 'would * * * advance the aims of ensuring a swift and certain determination of the proceeding and supervision of the juvenile’ ”. (Matter of Robert S., supra, 192 AD2d, at 613.)
The facts of the instant matter are similar to those in Matter of Robert S. (supra) except the warrant in the instant matter was outstanding for almost four months instead of 15, and the respondent’s eventual appearance in court was voluntary rather than the result of an arrest. Between January 14 and May 10, 1993 the presentment agency made no applications for an adjournment of the "initial appearance” by demonstrating either a good-faith effort to execute the warrant or providing the court with an explanation why it could not be executed.
The presentment agency’s argument that the holding of Robert S. (supra) should not be retroactively applied is without merit. The cases cited by the petitioner support a contrary result. In People v Pepper (supra) the Court of Appeals was presented with the question of whether its decision in People v Samuels (49 NY2d 218 [1980]) should be retroactively applied. The Court restated the common-law rule in New York on retroactivity, which is that "all cases on direct appeal must be decided in accordance with any newly declared but conceptually always existent principle.” (People v Pepper, 53 NY2d, at 219.) However, this general rule has been "tempered where, there was significant reliance on a now overruled and, therefore, in theory, erroneously stated precedent”. (People v Pepper, supra, at 219.) In Pepper, the Court of Appeals set forth guidelines for determining whether the common-law convention should be adhered to or deviated from in a particular case. The Court of Appeals enunciated three factors to aid courts in reaching this determination: "the purpose to be served by the new standards * * * the extent of the reliance by law enforcement authorities on old standards, and * * * the effect on the administration of justice of a retroactive application of new standards”. (People v Pepper, supra, at 220.)
The common-law rule on retroactivity is also employed in criminal litigation as well. (Gager v White, 53 NY2d 475, 484 [1981].) In Gurnee v Aetna Life & Cas. Co. (supra) the Court of *328 Appeals was asked to decide whether its decision in Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451 [1980]) should be applied retroactively. The Court of Appeals decided that retroactive application of Kurcsics was required because that case "established no new principle of law; it merely construed the language of a statute that was already in existence”. (Gurnee v Aetna Life & Cas. Co., supra, at 194.)
In deciding Matter of Robert S. (supra), the Appellate Division did not make new law, create new standards, or alter a rule of law that previously existed. Matter of Robert S. is a case of first impression which merely interpreted a statute that has been in effect since 1983. Adopting the principles set forth in People v Pepper (supra) and Gurnee (supra) it is clear that the common-law convention regarding retroactivity should be adhered to and the decision in Matter of Robert S. retroactively applied to pending cases. The presentment agency’s reliance on a "universal practice” which is not in compliance with the express terms of the statute, and the Appellate Division’s refusal to endorse that practice in Matter of Robert S. (supra) does not constitute the overruling of "an erroneously stated precedent” sufficient to engage this court in an analysis of the factors in Pepper for the purpose of determining whether application of the retroactivity principle should be "tempered”.
CONCLUSION
The respondent’s case was still in the judicial process at the time the decision in Robert S. (supra) was announced. Traditional retroactivity principles require application of its holding to all cases except those "actions and proceedings which had been finally determined and whose judicial life had then expired”. (Matter of Jessica XX., 54 NY2d 417, 424 [1981].) Because Family Court Act § 320.2 requires this court to schedule an "initial appearance” within 10 days after a juvenile delinquency petition is filed, and because the presentment agency has not shown "good cause” for an adjournment thereof, by either demonstrating a good-faith effort to execute the warrant or by explaining why that warrant could not be executed within 10 days, the respondent’s motion to dismiss the petition is granted.

. In its answering affirmation, counsel for the presentment agency states "that Respondent has entered a plea and is on the very verge of placement” by way of explanation for why a retroactive application of Robert S. (supra) would have a negative impact on the administration of justice. No fact finding has been held in this case and this language should have been deleted when the argument was "borrowed” from papers obviously submitted in connection with a different case.

. The Family Court did not decide whether Family Court Act § 320.2 requires the presentment agency to make application for an adjournment of the "initial appearance” within 10 days of the filing of the petition and within each successive 10-day period thereafter.