■ In the Matter of SATORI R., a Person Alleged to be a Juvenile Delinquent, Respondent. [608 NYS2d 530] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Pearce, J.), entered February 26, 1992, which granted the respondent's motion to dismiss the petition.

Ordered that the order is affirmed, without costs or disbursements.

On appeal, the presentment agency contends that the Family Court erred in denying its request to briefly adjourn the fact-finding hearing so that it could secure the presence of the arresting officer. We agree. Since a reasonable request for an adjournment was made prior to the expiration of the 60-day period within which the fact-finding hearing had to be commenced *(see,* Family Ct Act § 340.1 [2]), a short adjournment

could have been granted without violating the respondent's right to a speedy trial. Under these circumstances, we find that the Family Court improvidently exercised its discretion in denying the agency's request for an adjournment, and in dismissing the petition upon the ground that the agency was not ready to proceed to fact-finding *(see, Matter of Nakia L.,* 81 NY2d 898; *Matter of Bryant J.,* 195 AD2d 463).

However, this Court may, in the exercise of its discretionary power, affirm an order which is itself correct, if any of the grounds advanced in the court of original instance in fact support the relief granted in the order *(see, Menorah Nursing Home v Zukov,* 153 AD2d 13). Here, the respondent correctly contended in support of his motion that the delay between the filing of the delinquency petition and his initial appearance violated Family Court Act § 320.2 (1), which provides, in relevant part, that when a respondent is not in detention, the initial appearance must be held "as soon as practicable, and, absent good cause shown, within [10] days after a petition is filed". Contrary to the presentment agency's contention, the respondent's failure to comply with the warrant for his appearance did not alone constitute good cause for its failure to comply with Family Court Act § 320.2 (1) *(see, Matter of Randy K.,* 77 NY2d 398, 404; *Matter of Robert S.,* 192 AD2d 612). In this regard, we note that the agency made no showing that it could not execute the warrant, and did not dispute the respondent's claim that he resided at the address set forth in the petition for the entire period following issuance of the warrant. Consequently, we find that the petition was properly dismissed *(see, Matter of Robert S., supra).* Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.