OPINION OF THE COURT
Alma Cordova, J.
Respondent, S. A. J., was arrested on November 15, 1993 and charged with attempted robbery in the second and third degrees, Penal Law §§ 110.00 and 160.10 (1) and (2) (a) and Penal Law §§ 110.00 and 160.05; attempted petit larceny, Penal Law §§ 110.00 and 155.25; assault in the third degree, Penal Law § 120.00; menacing, Penal Law § 120.15 and unlawful imprisonment in the second degree, Penal Law § 135.05. He was released to the custody of his mother and was issued a desk appearance ticket pursuant to Family Court Act § 307.1. Respondent was directed to return to court on December 15, 1993. On December 15, 1993, the presentment agency filed a juvenile delinquency petition pursuant to Family Court Act § 310.1. Respondent and his mother appeared in court. The matter was adjourned to January 5, 1994 for respondent to retain private counsel. On January 5, 1994, it was determined that respondent could not afford private counsel and the Legal Aid Society was assigned. Respondent’s "initial appearance” was held on January 5, 1994.
The respondent moved to dismiss the petition on the ground that his "initial appearance” was not held within 10 days after the filing of the petition pursuant to Family Court Act § 320.2 (1).
The presentment agency argues, to the contrary, that there was "good cause” for the delay of the initial appearance in that: the respondent tacitly waived the "initial appearance” from December 15, 1993 until January 5, 1994, by his failure to object to the adjournment to retain counsel; the initial *868 appearance on December 15, 1993 was actually a continuance to January 5, 1994 for respondent returned with counsel.
From the Bench, the court orally granted respondent’s motion to dismiss. This written decision supplements and clarifies the oral decision.
The first issue concerning the court is which date comprises respondent’s "initial appearance” in court for the purposes of the statute. Family Court Act § 320.1 clearly defines the term "initial appearance” as follows: " 'initial appearance’ means the proceeding on the date the respondent first appears before the court after a petition has been filed and any adjournments thereof, for the purposes specified in section 320.4.”
Thus, although the respondent first appeared in court on December 15, 1993, the adjournment granted to the respondent continues the initial appearance until the return date of January 5, 1994 for purposes specified in section 320.4.
Family Court Act § 320.4 outlines the issues to be determined at the initial appearance, as follows:
"1. At the initial appearance the court must inform the respondent, or cause him to be informed in its presence, of the charge or charges contained in the petition, and the presentment agency must cause the respondent and his counsel or law guardian to be furnished with a copy of the petition.
"2. At the initial appearance the court shall determine:
"(a) whether detention is necessary pursuant to section 320.5; and
"(b) whether the case should be referred to the probation service pursuant to section 320.6; and
"(c) if the child is detained, the date of the probable-cause hearing pursuant to section 325.1 unless such hearing has already been held; and
"(d) the date of the fact-finding hearing; and
"(e) such other issues as may be properly before it.”
As of December 15, 1993, none of the above issues were determined. The case was merely adjourned for the purposes specified in section 320.4. The "initial appearance” occurred on January 5, 1994, when the court decided remand status, scheduled the fact-finding hearing, determined whether the case should be referred for possible adjustment pursuant to Family Court Act § 320.6 and assigned counsel.
The second issue concerning the court is whether the 21-day adjournment of the "initial appearance” after the petition was *869 filed for respondent to retain counsel constitutes "good cause” pursuant to Family Court Act § 320.2.
Family Court Act § 320.2 (1) states: "1. If the respondent is detained, the initial appearance shall be held no later than seventy-two hours after a petition is filed or the next day the court is in session, whichever is sooner. If the respondent is not detained, the initial appearance shall be held as soon as practicable, and, absent good cause shown, within ten days after a petition is filed.”
"Good cause” for adjournment of fact-finding hearing delinquency proceedings means not for a frivolous or inexcusable reason, and the length of delay is an important factor in making a determination. (Matter of Nakia L., 179 AD2d 145 [1st Dept 1992].) Additionally, Family Court Act § 320.2 states as follows: "3. The initial appearance may be adjourned for no longer than seventy-two hours or until the next court day, whichever is sooner, to enable an appointed law guardian or other counsel to appear before the court.”
This section permits a very short adjournment to enable the Law Guardian or other counsel to appear before the court. Since the respondent first appeared before the court on December 15, 1993, the length of delay should have been no more than 72 hours or the next court day. It is important to note that on the adjourned date, January 5, 1994, a determination was made that respondent was entitled to court-appointed counsel. Thus, the 20-day delay of the "initial appearance” only served to hinder the rapid determination of important preliminary issues. Therefore, although the reason for the delay appeared excusable and not frivolous, it did not constitute "good cause” pursuant to Family Court Act § 320.2 (1) since it violated Family Court Act § 320.2 (3).
The delay in this case was inimical to the aim of ensuring a swift and certain determination of the proceeding and supervision of the respondent. (Matter of Robert S., 152 Misc 2d 975 [Fam Ct 1991], affd 192 AD2d 612 [2d Dept 1993]; Matter of Randy K., 77 NY2d 398 [1991].)
To avoid similar situations in the future, the court recommends that if it is determined that respondent is not entitled to a court-appointed counsel, a Law Guardian should therein be assigned for arraignment purposes only and the case adjourned for sufficient time to permit respondent to retain counsel.
*870 For the reasons articulated above, the court finds, after having reviewed the relevant statutes, that "good cause” pursuant to Family Court Act § 320.2 does not exist. Respondent’s motion is granted and the petition is hereby dismissed.