■ In the Matter of VERONICA G., Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant. [628 NYS2d 501] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Segal, J.), dated January 6, 1994, which granted the respondent's motion to dismiss the petition. The petitioner's notice of appeal from the decision dated January 6, 1994, is deemed a premature notice of appeal from the order (see, CPLR 5520 [c]).

Ordered that the order is reversed, on the law and on the facts, without costs or disbursements, the respondent's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the petition.

The juvenile delinquency petition was filed against the respondent on July 27, 1993. Although the respondent was personally served with the summons, she failed to appear in court. A warrant was issued for the respondent's arrest, and the proceeding was adjourned. The proceeding was subsequently adjourned on three more occasions before the respondent voluntarily appeared in court.

By a notice of motion dated December 29, 1993, the respondent moved to dismiss the petition on the ground that the delay in her initial appearance had not been based on good cause (see, Family Ct Act § 320.2 [former (1)]). Specifically, the respondent contended that the presentment agency had not been entitled to an adjournment on August 16, 1993, because it had failed to establish that the arrest warrant could not be executed. The Family Court granted the motion and dismissed the petition.

We reject the presentment agency's contention that the respondent waived the aforementioned issue and conclude that it was not an improvident exercise of discretion for the Family Court to consider the merits of the respondent's motion (cf., Family Ct Act § 332.2). However, the Family Court erred in finding that the presentment agency had failed to show good cause for the adjournment on August 16, 1993. The presentment agency's attorney indicated that her telephone call and her letter to the respondent's mother had not been answered. Moreover, the presentment agency disputed the respondent's contention that she had continually resided at the address on the petition. The record reveals that the warrant officer who attempted to execute the arrest warrant was advised by the respondent's mother that she had not seen the respondent in three weeks (cf., Matter of Alfred B., 208 AD2d 921; Matter of Satori R., 202 AD2d 432; Matter of Robert S., 192 AD2d 612). Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.