OPINION OF THE COURT
Titone, J.
Section 340.1 of the Family Court Act provides that, in the absence of "good cause shown,” the fact-finding hearing in a juvenile delinquency proceeding "shall commence not more than sixty days after the conclusion of the initial appearance” *404 where the respondent is not in detention. However, the Family Court Act also authorizes the trial courts to refer cases involving juvenile delinquency charges for "adjustment services” (Family Ct Act § 320.6) and provides for a period of up to 120 days for the completion of such services (§ 308.1 [9]). The relationship between these separate limitations periods is the subject of this appeal.
The presentment agency commenced the present proceeding with a petition charging respondent with an act which, if done by an adult, would constitute the crime of unauthorized use of a motor vehicle in the third degree (see, Penal Law § 165.05 [1]). Respondent, who was not in detention, made his initial appearance with counsel on September 24, 1990. At that time, over the objection of the presentment agency, the court granted respondent’s request for a referral to the Probation Department for possible "adjustment” pursuant to Family Court Act § 320.6, adjourning the proceeding for a period of three weeks (cf., Family Ct Act § 320.6 [2] [requiring consent of presentment agency in cases involving certain designated felonies]).
On October 16, 1990, the Probation Department reported to the Judge that respondent had agreed to seek employment with the aid of a local service agency so that the sum of $320 could be paid in restitution. The Department, however, expressed some skepticism about respondent’s ability to pay that amount within the required period (but cf., Family Ct Act § 308.1 [2] [respondent’s inability to make restitution may not be considered]). At respondent’s request, the proceeding was adjourned for another 30 days.
On the next court date, November 15, 1990, respondent failed to appear, and the case was once again adjourned. When respondent finally appeared on November 20, 1990, the court was advised that he had failed to cooperate with the Probation Department and had not obtained employment. Consequently, the adjustment effort was abandoned, and the court set the matter down for a fact-finding hearing to commence on December 6, 1990.
On that date, respondent’s counsel appeared and orally moved to dismiss the petition for failure to comply with the speedy trial requirements of Family Court Act § 340.1 (2). After considering written submissions from both sides, the court denied the motion, holding that the period during which respondent was receiving adjustment services should be ex- *405 eluded from the time in which the fact-finding hearing had to be commenced (see, 150 Misc 2d 328). Respondent was subsequently found guilty of the charges, adjudged a juvenile delinquent and placed on probation for an 18-month period. The Appellate Division affirmed the Family Court’s dispositional order, and this Court granted respondent leave to take a further appeal.
Analysis in this case must begin with the provisions of Family Court Act § 340.1. That statute, which delineates the basic speedy trial rules applicable to respondent’s case, provides: "If the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except * * * [t]he court may adjourn a fact-finding hearing: (a) on its own motion * * * for good cause shown for * * * not more than thirty days * * * or (b) on motion by the respondent for good cause shown for not more than thirty days” (Family Ct Act § 340.1 [2], [4]). The court must state the reasons for the adjournment on the record, and successive motions to adjourn are not permitted unless "special circumstances” are shown (Family Ct Act § 340.1 [5], [6]). As the Court held in Matter of Frank C. (70 NY2d 408, 413), the goal of the statute is to "assure swift and certain adjudication.” Consequently, in contrast to the analysis that is applied in CPL 30.30 cases (see, e.g., People v Cortes, 80 NY2d 201; People v Giordano, 56 NY2d 524; People v Brothers, 50 NY2d 413), the focus of the inquiry is not on whether the prosecuting agency was the source of the delay, but rather whether the statutory standards of "good cause” or "special circumstances” were satisfied (Matter of Frank C, supra; see also, Matter of Randy K., 77 NY2d 398).
In respondent’s case, the fact-finding hearing was not commenced within the 60-day period specified by Family Court Act § 340.1 (2). Moreover, neither the parties nor the court invoked the special provisions of the statute authorizing "good cause” or "special circumstances” adjournments (Family Ct Act § 340.1 [4], [6]). Accordingly, even though the petitioning agency was not responsible for the adjournments that delayed respondent’s fact-finding hearing, the principles set forth in Matter of Frank C. (supra) could theoretically lead to dismissal. We conclude, however, that dismissal is not mandated under the circumstances presented here, since a total of 52 of the 72 days between respondent’s initial appearance and the date the fact-finding hearing was scheduled to commence were *406 absorbed in the provision of judicially ordered "adjustment services” pursuant to Family Court Act § 320.6.
The "adjustment services” contemplated by the statute entail "the informal consensual resolution of a case under probation service auspices” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 308.1, at 320). Use of this nonadversarial dispute resolution mechanism can be highly beneficial to an accused juvenile because, if successful, it enables the juvenile to avoid the potentially harsher consequences of a formal fact-finding hearing and judicially imposed disposition (see, Family Ct Act § 320.6 [3]).
The centerpiece of the legislation authorizing "adjustment services” is Family Court Act § 308.1, which provides a detailed description of the procedures to be followed and establishes the time limits that must be obeyed. Under subdivision (9) of that statute, "[ejfforts at adjustment * * * may not extend for a period of more than two months without leave of the court, which may extend the period for an additional two months.” Thus, in contrast to section 340.1 (2)’s restrictive 60-day period for the commencement of the fact-finding hearing, the period for adjustment may extend for up to 120 days.
Despite this difference in their prescribed time periods, there is no inherent conflict between section 308.1 (9) and section 340.1. As is evident from several of section 308.1’s other subdivisions, that statute is addressed primarily to situations in which "adjustment services” are to be provided before any juvenile delinquency petition is filed (see, Family Ct Act § 308.1 [1], [2], [5], [7], [8], [12]). In such situations, section 340.1 (2)’s 60-day limitation period, which does not begin to run until the respondent’s first appearance on the petition, is not implicated. On the other hand, a question about the application of the two separate limitations periods does arise when, as here, the adjustment is undertaken pursuant to Family Court Act § 320.6, which expressly authorizes referrals for "adjustment^]” "[a]t the initial appearance.” In such cases, the running of the 60-day limitation period specified in Family Court Act § 340.1 (2) has been triggered by the respondent’s appearance, and the relationship between that period and the longer period specified in section 308.1 (9) for the adjustment may become problematic.
We do not agree with petitioner’s argument that the availability of adjustment services should be ignored and that we should hold section 340.1 (2)’s 60-day deadline controlling. *407 Rather, we conclude that, as long as the prescriptions of Family Court Act § 308.1 (9) are respected, a judicial referral for adjustment under Family Court Act § 320.6 operates to toll the limitations period set forth in Family Court Act § 340.1.
Our conclusion is premised on both an analysis of the statutory scheme and the goals underlying the relevant statutes. Family Court Act § 320.6 (4) provides that, with one exception not pertinent here (see, Family Ct Act § 308.1 [13]), the procedural mandates of section 308.1 are to be applied when a case has been judicially referred for adjustment after the initial appearance. Thus, it is evident that the Legislature intended the timing prescriptions applicable to prepetition adjustment proceedings to be available in analogous proceedings commenced after the petition has been filed and the respondent has appeared.
Moreover, it has been noted that Family Court Act § 320.6 was enacted "to encourage the adjustment of appropriate cases even after a petition is filed” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 320.6, at 378). That goal would clearly be frustrated if there were no toll during the pendency of adjustment proceedings and a referral for adjustment thereby increased the risk of a dismissal for failure to comply with the timeliness requirements of Family Court Act § 340.1. Indeed, "adjustments” often entail such time-consuming ameliorative measures as multiple counselling sessions, psychological evaluations and referrals to community service agencies (see, Sobie, Practice Commentary, op. cit., at 320). It is unreasonable to expect that such measures could always be undertaken and completed within the time constraints prescribed by Family Court Act § 340.1. It is also unreasonable to assume that the Legislature intended juveniles referred for adjustment after their initial court appearances not to have the full range of services that are available to similarly situated juveniles referred in the prepetition stage. The Legislature intended both classes of juveniles to have access to the same range of services and further intended that both classes would have the benefits of the same time period for the completion of such services.
Accordingly, consistent with our obligation to harmonize the various provisions of related statutes and to construe them in a way that renders them internally compatible (see, e.g., People v Mobil Oil Corp., 48 NY2d 192, 199-200; Gaden v Gaden, 29 NY2d 80, 86; McKinney’s Cons Laws of NY, Book 1, *408 Statutes §§97, 98), we hold that a referral for "adjustment services” made pursuant to Family Court Act § 320.6 tolls the time specified in Family Court Act § 340.1 for commencing the fact-finding hearing for a period of up to 120 days, provided that section 308.1 (9)’s requirement for a judicially granted extension is observed. Since that condition was satisfied in respondent’s case, the time for commencing his fact-finding hearing was tolled during the 52-day period that his case was in the adjustment process, and the trial court properly denied his motion for dismissal of the petition.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Acting Chief Judge Simons and Judges Kaye, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, without costs.