OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition dismissed.
A delinquency petition was filed against respondent on May 21, 1989, alleging that he committed acts which, if done by an adult, would have constituted attempted robbery and attempted assault. As required by Family Court Act § 340.1 (2), a fact-finding hearing was scheduled to take place within 60 days of his initial appearance. However, on July 18th, respondent requested that the fact-finding hearing be adjourned beyond the 60-day period because his attorney had to see his doctor. The hearing court granted the adjournment request pursuant to Family Court Act § 340.1 (4) after determining that there was "good cause”.*
The case was adjourned until August 8, 1989 — 79 days after respondent’s initial appearance. On that day, the presentment agency was unable to locate a complaining witness. After attempting to track the witness down, the agency admitted to the court that it had no explanation for the witness’s absence and asked the court for another adjournment. Despite a finding that the agency had not established "good cause”, the hearing court granted the request and adjourned the matter for two days. On August 10, the complaining witness appeared and the fact-finding hearing was held. The court thereafter adjudicated respondent a juvenile delinquent and placed him with the New York State Division of Youth for 18 months.
Pursuant to Family Court Act § 340.1 (4), the hearing court may, "for good cause shown,” grant an adjournment beyond the original 60-day period for up to 30 days. However, "[successive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of *901 special circumstances” (Family Ct Act § 340.1 [6]). Respondent contends that, because an adjournment was granted on July 18th, the August 8th request for an adjournment constituted a "successive motion[ ]” requiring "special circumstances” which were lacking in this instance. We agree.
The Appellate Division concluded that good cause for the adjournment granted on August 8th was shown and that there was no need to establish "special circumstances” for the adjournment because the July 18th and August 8th adjournment requests were not made by the same party and therefore were not "successive.” Alternatively, the Appellate Division reasoned that section 340.1 (6)’s requirement of "special circumstances” applies only when 90 days have passed since a respondent’s initial appearance. We find no support in the statute for that interpretation.
The statute states unambiguously that a court may adjourn the fact-finding hearing beyond the 60-day period for up to 30 days for "good cause shown” (Family Ct Act § 340.1 [4]). Any adjournment request made thereafter by either party, i.e., a successive motion, shall be granted only upon a showing of special circumstances. That the successive adjournment requests are not made by the same party or are made within 90 days of a respondent’s initial appearance is irrelevant (see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 340.1, at 437). As we have stated previously, a hearing court must "make findings on the record of good cause for the first 30-day adjournment and of special circumstances for subsequent adjournments” (see, Matter of Randy K., 77 NY2d 398, 403 [emphasis added]; see also, Matter of Aaron J., 80 NY2d 402, 405). Here, the hearing court failed to find special circumstances justifying the subsequent adjournment.
Furthermore, contrary to the dissent’s position, we conclude that there were no special circumstances warranting further adjournment. The requirement of "special circumstances” entails a more exacting standard than that of "good cause” (see, Matter of Frank C., 70 NY2d 408, 414) and notably, the hearing court found that the presentment agency had failed here to meet even the more lenient "good cause” standard. Thus, the agency admitted that it had no explanation for the nonappearance of the complaining witness and the court noted that the witness had failed to appear on previous occasions. Because the statute is concerned with the speedy resolution of charges against juveniles, the fact that *902 the presentment agency was not to blame for the witness’s absence is not a factor for consideration (see, Matter of Frank C., 70 NY2d, at 413-414, supra), and nothing before the hearing court warranted a successive adjournment based upon "special circumstances” (see, Matter of Vincent M., 125 AD2d 60, affd 70 NY2d 793). Thus, the court’s grant of an adjournment on August 8th was improper and the proceeding should be dismissed.

 Section 340.1 (4) provides that "[t]he court may adjourn a fact-finding hearing * * * on motion by the respondent for good cause shown for not more than * * * thirty days if the respondent is not in detention”.