■ In the Matter of KASHEEN A., a Person Alleged to be a Juvenile Delinquent, Appellant. [602 NYS2d 433] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated September 21, 1992, which, upon a fact-finding order of the same court, dated June 10, 1992, made upon the appellant's admission to having committed an act which, if committed by an adult, would have constituted the crime of attempted sexual abuse in the first degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of two years.

Ordered that the order is affirmed, without costs or disbursements.

On or about April 14, 1992, a juvenile delinquency petition was filed alleging, *inter alia,* that the then 14-year-old appellant had intentionally inserted a portable radio antenna into the anus of an eight-year-old female. At a fact-finding hearing on June 10, 1992, the appellant made a knowing, intelligent, and voluntary admission that he committed the acts alleged in the petition. The court accepted the admission and determined that the petition had been sustained. The court then ordered preparation of an Investigation and Report (hereinafter IR), and a Mental Health Study (hereinafter MHS), and scheduled a dispositional hearing for August 13, 1992. At the request of

the appellant's Law Guardian, who was going on vacation, the dispositional hearing was adjourned to August 27, 1992.

Thereafter, the appellant failed to appear for his appointment at Family Court Mental Health Services. Consequently, the MHS ordered by the court was not completed in time for the scheduled dispositional hearing on August 27, 1992. Nevertheless, on August 27, 1992, the court reviewed the IR and the appellant's school records but determined that the MHS was "critical to a proper disposition in this case". The court therefore granted a further adjournment of the dispositional hearing until September 21, 1992, in order to allow for the MHS to be completed.

The MHS was received by the court on or before September 21, 1992. The MHS recommended that the appellant be placed on probation. Upon his consent, an order of disposition was entered on September 21, 1992, placing the appellant on probation for a period of two years with the special condition, *inter alia,* that he cooperate with therapy at Sunset Park Health Center.

The appellant contends that the 25-day adjournment of the dispositional hearing from August 27, 1992, to September 21, 1992, violated his right to a speedy disposition under the Family Court Act § 350.1.

The speedy hearing provisions at issue allow for an initial adjournment of not more than 30 days for good cause shown. Subsequent adjournments may be granted upon a showing of "special circumstances" (Family Ct Act § 350.1 [5]). The statute does not establish criteria for determining when "special circumstances" exist, other than to preclude equating them with calendar congestion or the status of the court's docket or backlog. A determination of "special circumstances" must therefore be made on a case-by-case basis *(see, Matter of Carlos T.,* 187 AD2d 38, 41).

Here, the court complied with its statutory mandate, by stating on the record the reason for granting the further adjournment *(see,* Family Ct Act § 350.1 [4]; *cf., Matter of Randy K.,* 77 NY2d 398, 402). The record fully supports the court's finding that the MHS was critical to a proper disposition of this matter. Indeed, the MHS provided the court with relevant information that ultimately played an important role in shaping the decision to place the appellant on probation with suitable conditions, rather than to place him in a confined setting. Since the MHS could not be prepared in time for the August 27, 1992, hearing date, due to the appellant's

failure to appear for his appointment with the Mental Health Services agency, we find the reason stated by the court for the adjournment satisfies the requirement of "special circumstances" within the purview of Family Court Act § 350.1 (5).

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.