[607 NYS2d 682]

# In the Matter of Eddie M., a Person Alleged to be a Juvenile Delinquent, Appellant.

Second Department, January 31, 1994

## APPEARANCES OF COUNSEL

*Lenore Gittis,* New York City *(Judith Waksberg* of counsel; *Susan Persichilli* on the brief), for appellant.

*Paul A. Crotty, Corporation Counsel* of New York City *(Larry A. Sonnenshein* and *Elaine Rothenberg* of counsel), for respondent.

## OPINION OF THE COURT

MILLER, J. P.

The facts of this case constitute good cause or special circumstances justifying the 12-day extension of the time constraints of Family Court Act § 350.1 (1).

On January 10, 1992, the 13-year-old appellant was arrested. He was charged with acts which, if committed by an adult, would have constituted the crimes of attempted grand larceny in the third degree, attempted grand larceny in the fourth degree, criminal mischief in the third degree, and criminal mischief in the fourth degree. He was remanded to a secure facility on January 13, based upon a history of absconding from Children's Village at Dobbs Ferry, a nonsecure setting, several times in the prior several months, and upon his posing a serious risk of not appearing in court on the return date. At a fact-finding hearing on January 16, 1992, he admitted to having committed acts constituting two counts of criminal mischief in the fourth degree. On that date, his Law Guardian requested that the dispositional hearing be adjourned from Westchester to Brooklyn, as that was the appellant's last county of residence. That application was joined in by the Westchester County Attorney, and the matter was transferred to Kings County for a dispositional hearing. The fact-finding order was entered on January 28, 1992.

The appellant appeared in the Family Court, Kings County, seven days later, on February 4, and was assigned a new Law Guardian. On that date, the presentment agency asked for continued remand for purposes of conducting a probation investigation and preparing a report, a mental health study, and an exploration of placement, and in order to ascertain the whereabouts of his parents or guardian and his status at

Children's Village at Dobbs Ferry. Over the Law Guardian's objection, the court adjourned the matter for those purposes, and continued the remand because no parent or guardian was present in court, as well as because there was substantial probability that the appellant would not appear on the return date. The matter was adjourned to February 10, 1992 for disposition. Family Court Act § 350.1 (1) provides that in cases such as this, the dispositional hearing shall commence 10 days after entry of the fact-finding order. That statutory 10-day period expired on February 7, 1992.

On February 6, the Law Guardian moved to dismiss the petition pursuant to Family Court Act § 350.1. That motion was denied on February 10. At that time, the court noted that it had received a probation and mental health report, but that the Probation Department required an adjournment in order to complete the exploration of placement alternatives. The court granted the adjournment, finding special circumstances, and adjourned the case to February 19, 1992.

By writ of habeas corpus allowed on February 13, 1992, the Law Guardian sought the release of the appellant in the Supreme Court. The Supreme Court, Kings County (Feldman, J.), granted the writ on February 14, 1992, and ordered the appellant released, finding that the time period consumed during the transfer of the child from Westchester County to Brooklyn was excessive.

On February 19, the Family Court noted that the matter was ready for a dispositional hearing, since it had received the placement report. The Law Guardian again moved to dismiss the petition, asserting a violation of the appellant's rights to a speedy disposition pursuant to Family Court Act § 350.1, but the court again denied the application, reiterating the existence of special circumstances. At this juncture the Law Guardian requested an adjournment of the dispositional hearing for two weeks in order to allow his own social worker to conduct further explorations of placement, and, in fact, subsequently requested a second adjournment. On March 25, 1992, the appellant waived his right to a dispositional hearing and consented to placement with the Division for Youth for up to 12 months, as he had been rejected by all other facilities.

The issue before us is whether good cause and special circumstances existed, justifying the adjournments granted on February 4, 1992 and February 10, which extended the statutory time limit for the dispositional hearing by 12 days.

Pursuant to Family Court Act § 350.1 (1), "[i]f the [appellant] is detained and has not been found to have committed a designated felony act [as in this case] the dispositional hearing shall commence not more than ten days after the entry of [a fact-finding] order". The court may in its discretion adjourn a dispositional hearing for up to 10 days for "good cause shown" (Family Ct Act § 350.1 [3] [a]). The court must state the reasons for the adjournment on the record, and successive adjournments are not permitted unless "special circumstances" are shown (Family Ct Act § 350.1 [4], [5]). On February 7, the 10-day period commencing January 28 expired. The court was prepared to commence the dispositional hearing on February 19.

### THE FIRST ADJOURNMENT OF FEBRUARY 4 TO FEBRUARY 10

The issue of whether intercounty transfers constitute "good cause" or "special circumstances" justifying adjournments for purpose of speedy disposition considerations has not previously been addressed by our appellate courts. Family Court Act § 302.3 (4), which provides for such intercounty transfers, clearly fails to provide for their consequences. As noted by the Family Court in *Matter of Dorothea B.* (160 Misc 2d 397), Family Court Act § 350.2 (1), providing for removal of juveniles from Criminal to Family Courts, affords the closest parallel to such intercounty transfers. However, that statute contemplates an immediate transfer from Criminal to Family Court (CPL 725.05 [7]), not later than the next day the Family Court is in session, under circumstances posing different practical and geographic considerations from intercounty transfers. Thus, since legislative guidance is lacking, the courts must consider on a case-by-case basis whether or not the specific circumstances of a particular intercounty transfer constitute good cause or special circumstances justifying an adjournment.

We hold that the facts of this case satisfy the good cause or special circumstances test. The transfer in this case consumed only seven days, or five working days—a period which is reasonable given the well-known, overburdened, and under-staffed realities of Family Courts and their related agencies. Also relevant is the fact that the application for the transfer was made by the appellant's Law Guardian for the benefit of the appellant and consented to for that purpose by the pre-sentment agency and the court. Unless intercounty transfers

such as the one in this case are regarded as good cause or special circumstances, Family Court Judges might be well advised to grant such transfer applications only on condition that resulting speedy disposition violations are waived.

At the appellant's first appearance on February 4, 1992, the Family Court, Kings County, had no alternative but to grant an adjournment in order to comply with the statutory mandate that the court assign a new Law Guardian and order a probation investigation (Family Ct Act § 320.2 [2]). In addition, since the statute requires that probation reports and diagnostic assessments be submitted to the court at least five days before the dispositional hearing is commenced (Family Ct Act § 351.1 [5]), compliance in this case was virtually impossible, since the 10-day statutory time limit terminated on February 7, and the case was first before the Family Court, Kings County, on February 4. Moreover, even if we were to overlook the aforesaid requirement of Family Court Act § 351.1 (5), clearly the three-day period from February 4 to February 7 was entirely inadequate for the preparation of probation reports, mental health studies, and placement evaluations. As is pointed out in the Practice Commentary to Family Court Act § 350.1, "[t]he provision * * * is simply unworkable" (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 498). While statutory reform would be most welcome, as urged by the dissenters in *Matter of Randy K.* (77 NY2d 398), we must in the interim rely upon the courts' reasonable interpretation of those legislative provisions that expressly permit adjournments for good cause shown and special circumstances.

THE SECOND ADJOURNMENT ON FEBRUARY 10

The second adjournment was granted on February 10, three days after the prescribed statutory time would have run. It was granted in order to permit the Probation Department to complete its exploration of placement alternatives for the appellant.

The exploration of placement report noted that seven placement alternatives had been considered and rejected, two on the ground that the juvenile required a more structured setting. This unsuccessful effort to find an appropriate placement took 15 days. The fact that it required a second adjournment, extending the statutory limit by 12 days, constitutes special circumstances, given any reasonable interpretation of

the statute. Pursuant to Family Court Act § 352.1 (1), it is the court's responsibility to determine whether a juvenile requires supervision, treatment, or confinement, and in so doing, the court is required to order the least restrictive disposition consistent with the "needs and best interests of the [juvenile] as well as the need for protection of the community" (Family Ct Act § 352.2 [2]). These are the explicitly stated purposes of the juvenile justice system *(see, People ex rel. Calvert v Schall,* 137 Misc 2d 331, 335-336). Clearly, the avowed purpose of Family Court detention is not punishment but rehabilitation of the juvenile for his or her sake and that of the community. For this purpose, the Legislature provided the Family Court with auxiliary services to conduct a probation investigation and diagnostic assessments (Family Ct Act § 351.1). Therefore, an inflexible application of the 10-day limit is inconsistent with the purposes of the statute. Nor does the desired result require judicial rewriting of the statute, since the Legislature provided for adjournments for good cause and special circumstances.

This 13-year-old neglected child was an orphan who had demonstrated prior difficulties in a nonsecure setting from which he absconded on several occasions, and who had no relative sufficiently concerned for his welfare to appear at either the Westchester or Brooklyn hearings. To him the importance of placement in an appropriate facility was critical.

A construction of the statute making compliance literally impossible for the presentment agency will result in the dismissal of petitions, even in cases such as the one before us, where the guilt of the appellant is proven by his or her own admission, depriving the juvenile of assistance and the community of protection, and demonstrating to both the abysmal failure of the justice system.

Mindful though we are of the strict construction that the Court of Appeals has afforded to the time constraints of the Family Court Act in *Matter of Nakia L.* (81 NY2d 898) and *Matter of Randy K.* (77 NY2d 398, *supra),* we find that prior authority does not compel dismissal of this petition.

In *Matter of Frank C.* (70 NY2d 408) the Court of Appeals ordered the petition dismissed where there was a 218-day delay of the fact-finding hearing resulting from the court's failure to hold a suppression hearing, and from delays and confusion caused by the substitution of a new Judge. Here, the

delay was 12 days and the facts resulting in the adjournment are of an entirely different nature, deriving from neither court delay nor administrative confusion. In *Matter of Randy K. (supra)* and *Matter of Faruq F.* (186 AD2d 799), the petitions were dismissed because the respondents failed to appear for fact-finding hearings and the presentment agency failed to make applications for adjournments. No such failure on the part of the agency existed herein. In *Matter of Roshon P.* (182 AD2d 346), this Court ordered the petition dismissed where the Law Guardian failed to appear for a dispositional hearing. The Law Guardian caused no delay in this case. In all of the above-noted cases, the facts and circumstances are clearly distinguishable from those here, where the agency consistently acted diligently in attempting to comply with the time constraints of the statute, and the court moved the case as expeditiously as possible, noting its reasons for granting the adjournments on the record. Within the confines of the statute as it presently exists, no more could have been done. Recognizing the express purposes and mandates of the Family Court Act, reason dictates that good cause and special circumstances justified this 12-day extension of the statutory time for the appellant's dispositional hearing. Accordingly, the order appealed from is affirmed.

Pizzuto, J. (dissenting). I agree with the majority's conclusion that an intercounty transfer may constitute "good cause" for the adjournment of a dispositional hearing. However, no reason was provided for the delay in the transfer in this case, and it is my view that the subsequent adjournments, for the purpose of awaiting a probation report, were not supported by "special circumstances" as required by the speedy hearing provisions of the Family Court Act. I therefore dissent and vote to reverse the dispositional order, vacate the fact-finding order, and dismiss the petition.

Family Court Act § 350.1 provides that where, as here, an appellant is detained and has not been found to have committed a designated felony act, the dispositional hearing must commence within 10 days after entry of the fact-finding order (Family Ct Act § 350.1 [1]). The court may adjourn the dispositional hearing for 10 days "for good cause shown" (Family Ct Act § 350.1 [3] [a]), but successive motions to adjourn are not permitted "in the absence of a showing, on the record, of special circumstances" (Family Ct Act § 350.1 [5]).

While the statute does not define "special circumstances," it

expressly excludes from its scope "calendar congestion or the status of the court's docket or backlog" from its purview (Family Ct Act § 350.1 [5]). As noted by the Court of Appeals in *Matter of Frank C.* (70 NY2d 408, 414), "the Legislature enacted [Family Court Act § 350.1] despite the concerns expressed by some regarding the undue burden its strict limitations would impose on the Family Court system" *(see also, Matter of Randy K.,* 77 NY2d 398, 405). Whether any given set of facts presents "special circumstances" must be determined on a case-by-case basis with due regard to the stated legislative goal of prompt adjudication in all phases of the delinquency proceeding *(see, Matter of Frank C., supra,* at 413-414; *Matter of Carlos T.,* 187 AD2d 38, 41; *Matter of Kasheen A.,* 197 AD2d 572).

Since the fact-finding order in this case was entered January 28, 1992, the dispositional hearing was required to be commenced on or before February 7, 1992. However, the hearing was repeatedly adjourned until March 25, 1992, 57 days after the entry of the fact-finding order, at which time the appellant consented to placement. The hearing was first adjourned seven days for the transfer from Westchester to Kings County. I agree with the majority's view that the transfer of a case to the place of the appellant's last known residence may constitute good cause for an adjournment. However, the record in this case is devoid of any reason as to why the transfer took seven days. The explanation supplied by the majority, the excessive workload and understaffing of the Family Court system, is unpersuasive, since the statutory time frames were enacted with those considerations in mind *(see,* Family Ct Act § 350.1; *Matter of Frank C., supra,* at 414; *Matter of Randy K., supra,* at 405). Moreover, the need for expeditious transfers is reflected in CPL 725.05 (7), which provides that, where a juvenile is in detention, a transfer from Criminal Court to Family Court must take place the next day the Family Court is in session.

The adjournments which followed were also violative of the appellant's right to a speedy hearing, since they were not supported by "special circumstances," a more stringent standard than "good cause" *(see, Matter of Nakia L.,* 81 NY2d 898, 901; *Matter of Frank C., supra,* at 414). Upon the appellant's first appearance before it, the Family Court, Kings County, adjourned the hearing, over the Law Guardian's objection, for six more days days, to February 10, for the Probation Department to conduct an investigation. By that date, the Probation

Department had completed the investigation and report and a mental health study but had not completed an exploration of placement. Although findings on the record are a mandatory condition for adjourning a dispositional hearing beyond statutory prescribed time limitations *(see, Matter of Nakia L., supra,* at 901; *Matter of Randy K., supra,* at 403; *Matter of Aaron J.,* 80 NY2d 402, 405), none were stated. It was not until the date of the next adjournment, February 19, that the court noted a reason for the Probation Department's failure to complete the exploration of placement by the earlier adjourn date. In my view, that reason did not justify the additional nine-day adjournment.

Difficulties in placing an appellant are not so unusual or compelling so as to warrant an additional adjournment under the "special circumstances" provision *(see, Matter of Richard G.,* 187 AD2d 1039), and no further explanation for the delay was provided *(cf., Matter of Kasheen A., supra)*. Nor does the awaiting of any probation report necessarily constitute special circumstances *(see, Matter of Leon H.,* 196 AD2d 539; *Matter of Erik N.,* 185 AD2d 433). Even assuming that the delay in finding a suitable placement was due in part to the Probation Department's workload, this would not justify an adjournment beyond the statutory time limit. Like calendar congestion or backlog *(see,* Family Ct Act § 350.1 [5]), a delay in preparing an exploration of placement constitutes a delay in the system, and is thus the very type of problem the speedy hearing provisions were intended to address *(see, Matter of Frank C., supra,* at 413-414). Consequently, the majority's argument that the presentment agency was not to blame for the delay does not advance its position. In this regard, I would note that dismissal may be warranted even where the appellant is entirely responsible for the delay *(see, Matter of Randy K., supra)*. Furthermore, had the transfer to Kings County been more timely, the probation investigation could have been commenced sooner, obviating the need for the further adjournment *(see, Matter of Lakiesha Y.,* 195 AD2d 821).

In so concluding, I am not unaware of the Family Court's unique obligation to determine the best dispositional remedy *(see,* Family Ct Act § 352.1) nor am I unsympathetic to the burdensome requirement that probation investigation reports and diagnostic assessments be supplied to the court five days prior to the dispositional hearing (Family Ct Act § 351.1 [5]). However, as observed by the Court of Appeals: "[T]he fact that the Legislature enacted the statute despite the concerns ex-

pressed by some regarding the undue burden its strict time limitations would impose on the Family Court system *(see,* Bill Jacket, L 1982, ch 920, Mem of Office of Court Administration; Mem of Association of Judges of Family Court of State of NY) strongly suggests that the Legislature weighed all of the competing considerations and found the goal of speedy resolution of charges against juveniles to be paramount" *(Matter of Frank C., supra,* at 414).

While the present statutory scheme may indeed sometimes be "unworkable" (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 498), any change must be left to the Legislature, which enacted the scheme despite the practical problems it presented *(see, Matter of Randy K., supra; Matter of Faruq F.,* 186 AD2d 799). In the meantime, despite the concerns of the majority, which I share, the Family Court must comply with the statutory directives and the strict construction provided them *(see, Matter of Nakia L., supra; Matter of Randy K., supra; Matter of Frank C., supra).*

RITTER and COPERTINO, JJ., concur with MILLER, J. P.; PIZZUTO, J., dissents in a separate opinion.

Ordered that the order of disposition is affirmed, without costs or disbursements.