■ In the Matter of NANA O., a Person Alleged to be a Juvenile Delinquent, Appellant. [619 NYS2d 299] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Segal, J.), dated September 22, 1992, which, upon a fact-finding order of the same court, dated June 30, 1992, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of attempted assault in the second degree and

criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and discharged her pursuant to certain conditions.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the petition is dismissed.

The appellant made her initial court appearance in this juvenile delinquency proceeding on March 17, 1992. Because she was released on parole, the fact-finding hearing had to be commenced within 60 days, in accordance with Family Court Act § 340.1. On or about May 5, the parties signed a written waiver of speedy trial until June 5, 1992 in order to accommodate the schedule of the complaining witness.

On June 5, the court found "good cause" and "special circumstances" to adjourn the matter again in order to allow the appellant's law guardian to file a formal motion to dismiss, based on a claimed *Rosario* violation, and to make an application to compel a non-party, the Board of Education, to provide the address and phone number of a witness she intended to call at the fact-finding hearing. On June 15, the court denied the motion to dismiss but granted the appellant's application for the issuance of a subpoena directing the Board of Education to provide the requested information. Although the parties indicated that they were ready to proceed with the fact-finding hearing, the court adjourned the matter, *sua sponte,* initially to June 17, and then to June 30th, in order to determine whether the Board of Education intended to appeal the ruling directing it to comply with the subpoena. The fact-finding hearing was finally commenced and completed on June 30, 103 days after the appellant's initial court appearance.

The appellant contends that the Family Court's *sua sponte* adjournment of the fact-finding hearing from June 15 to June 30 based upon the possibility that the Board of Education might appeal its ruling did not meet the "special circumstances" standard of Family Court Act § 340.1 (6). We agree.

Family Court Act § 340.1 is a true speedy trial provision. Both its language and its underlying purpose are directed toward bringing the accused juvenile to trial with the specified period barring adjournments in the event of "good cause" shown or "special circumstances" *(see, Matter of Frank C.,* 70 NY2d 408, 423-424). The determination of whether a particular event or set of events constitutes "special circumstances" is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication *(see, Matter of Nakia L.,* 81 NY2d 898; *Matter of Frank C., supra; see also, Matter of Kasheen A.,* 197 AD2d 572).

A review of the record here indicates that the adjournments from June 15 to June 30 were not granted with due regard to the goal of prompt adjudication, and did not meet the "special circumstances" standard (see, Matter of Erick B., 200 AD2d 447). The possibility that the Board of Education might appeal the court's ruling did not warrant a further adjournment of the fact-finding hearing. Since the appellant's right to a speedy disposition was violated, the delinquency petition must be dismissed. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.