■ In the Matter of JULIO SS., a Child Alleged to be a Juvenile Delinquent, Appellant. ALEXANDER B. ISABEL, as Assistant County Attorney of the County of Montgomery, Respondent. [620 NYS2d 543] —Peters, J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered August 6, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent contends, *inter alia,* that Family Court erred in refusing to permit his Law Guardian access to a copy of the dispositional investigation and report prior to the dispositional hearing. We agree.

Family Court Act § 351.1 (5) (a) provides, in part, as follows: "All diagnostic assessments and probation investigation reports shall be submitted to the court and made available by the court for inspection and copying by the presentment agency and the respondent at least five court days prior to the commencement of the dispositional hearing." As the Legislature, by amendment to Family Court Act § 351.1 *(see,* L 1985, ch 585, § 1, eff July 28, 1985), has chosen to require that these specific reports be made available to respondent for copying, we find that Family Court was without discretion to deny the request. The failure to permit the Law Guardian to have a copy of the report to review with respondent may well have affected the outcome of such hearing. Despite the fact that

certain provisions of Family Court Act § 351.1 (5) (a) have been categorized as "simply unworkable" (Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 350.1, at 498; *see, Matter of Eddie M.,* 196 AD2d 25, *lv denied* 83 NY2d 757), we find that no sufficient cause was presented for the court's failure to follow the statutory directive *(see, supra)*.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.