86 N.Y.2d 387 (1995)
657 N.E.2d 260
633 N.Y.S.2d 265
In the Matter of Jamar A., a Person Alleged to be a Juvenile Delinquent, Respondent.
Court of Appeals of the State of New York.
Argued September 14, 1995.
Decided October 19, 1995.
Paul A. Crotty, Corporation Counsel of New York City (Fay Ng and Pamela Seider Dolgow of counsel), for appellant.
Patricia S. Constantikes, New York City, and Jane M. Spinak for respondent.
Chief Judge KAYE and Judges SMITH, LEVINE and CIPARICK concur with Judge BELLACOSA; Judge SIMONS dissents in a separate opinion in which Judge TITONE concurs.
*389 BELLACOSA, J.
Family Court, Bronx County, adjudicated Jamar A. a juvenile delinquent for unauthorized use of a vehicle based on acts which would constitute a crime if committed by an adult (see, Penal Law § 165.05 [1]). The Appellate Division reversed on the law and dismissed the juvenile delinquency petition (207 AD2d 251), concluding that Jamar A. was deprived of his right to a timely fact-finding hearing (see, Family Ct Act § 340.1). Two Justices dissented and the presentment agency appeals to this Court as of right on that ground (CPLR 5601 [a]).
The basis for the dismissal by the Appellate Division and the issue before us focus exclusively on Jamar A.'s speedy trial rights under Family Court Act § 340.1 (5) and (6). Only the "special circumstances" adjournment on February 25, 1993 is in question. We conclude that the order of the Appellate Division should be reversed and the Family Court adjudication should be reinstated.
The delinquency petition was filed on December 3, 1992 with respondent present in Family Court. The petition charged respondent with acts which, if committed by an adult, would constitute the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the third and fourth degrees, unauthorized use of a vehicle in the third degree, criminal possession of stolen property, and petit larceny.
The court scheduled a fact-finding hearing for January 11, 1993 and released the juvenile to his mother. On the first set date, the presentment agency requested and was granted an adjournment to January 20th. Respondent failed to appear on *390 the rescheduled date, and the court set another hearing for February 1, 1993. When respondent failed to appear a second time, the court issued a warrant and found good cause to adjourn to March 1. That ruling and adjournment are not in dispute.
Unexpectedly, the juvenile and his mother appeared in Family Court on February 25, 1993. Because the case was still scheduled for March 1, was not on any calendar for February 25, and no one expected the surprise appearance, the Judge naturally inquired of the presentment agency lawyer, "What date will you have your witness ready?" Counsel responded that he needed "a couple of days." When the court suggested a March 8, 1993 adjourned date, the Law Guardian expressed personal inconvenience. The court then set March 10 as the new date and the Law Guardian said, "Thank you."
The Family Court Judge admonished respondent that if he failed to appear for the next fact-finding hearing he would be remanded. Shortly after the February 25 appearance and special circumstances adjournment, respondent's counsel filed the motion to dismiss the petition, based on the Family Court's failure to explain the adjournment.
Special circumstances "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication" and, of course, within the demarcations of our governing precedents (Matter of Frank C., 70 N.Y.2d 408, 414). Family Court Act § 340.1 (5) requires that a court shall state "on the record the reason" for an adjournment, and subdivision (6) adds the specification of a special circumstances "showing" to warrant the grant of an adjournment. The Family Court Judge satisfied the statutory and precedential rubrics here.
Family Court was presented with a manifest "special circumstances" development of a nonscheduled matter and the return to its courtroom of a warrant-sought juvenile. Everyone in the courtroom knew the witness-unavailability subject of the Family Court's explicit inquiry, colloquy and ruling, all done on the record as required (see, Family Ct Act § 340.1 [5]). This record does not support the dissent's criticism of the Family Court's conduct as self-initiated or less than entirely appropriate to the circumstances. Since the "special circumstances" here are evident on the face of this record, this case is different in kind and in its salient facts from Matter of Frank C. (70 N.Y.2d 408, supra), Matter of Randy K. (77 N.Y.2d 398), *391 and Matter of Nakia L. (81 N.Y.2d 898). That the Family Court Judge did not ask questions in form or words considered more insightful in hindsight and did not utter the two words "special circumstances" does not erase the facial record (see, e.g. and compare, People v Spotford, 85 N.Y.2d 593, 598; People v Moissett, 76 N.Y.2d 909, 911; People v Nixon, 21 N.Y.2d 338, 353, cert denied sub nom. Robinson v New York, 393 US 1067). The words spoken and the action taken in the nisi prius setting constitute an effective and valid satisfaction of what the statute and we require.
Taken together, the following factors remove this case from the dismissal imperative of distinguishable precedents while also demonstrating compliance with the governing protocols: (1) the unscheduled, uncalendared matter; (2) the surprise appearance ahead of the scheduled date; (3) the outstanding warrant for two prior failures to appear on timely scheduled dates; (4) the open court unavailability of the presentment agency's witnesses, inescapably reflected in the pointed colloquy directed at that very circumstance and created solely by the respondent's unscheduled appearance; (5) the on-the-record exchange responsibly initiated by the Family Court Judge with both counsel present and participating concerning when witnesses would be available; and (6) the setting of a new, mutually satisfactory and scheduled appearance date to fulfill the statutory mandate for prompt adjudication.
It is unrealistic to speculate that police witnesses can be "easily summoned" to any Family Court, no less one in New York City, on an unscheduled date, or that the Family Court Judge should inquire differently or should otherwise interrupt a regularly scheduled calendar. Such inflexible, additional mandates measured against the circumstances and case, as events unfolded in the courtroom on February 25, 1993, ignore the exact subject matter exchange between the Judge and the attorneys "on the record" about making the witnesses available on a scheduled date and calendar when all necessary individuals could be on proper notice to be prepared to proceed.
Special circumstances, after all, are not an abstraction. Exploration at the appellate level of all its features and fulfillment in a given case should not be devoid of reasonable context. Our realistic approach does not dispense with or dilute the continued vitality and cogency of our precedents. Nor does our analysis impose any requirement for searching *392 records on appeals in such matters or in this one. Rather, we are applying the rules sensibly when we conclude that this record unquestionably demonstrates fulfillment of the statutory and precedential prescriptions of what busy Family Court Judges are supposed to do with individuals before them in such surprise circumstances.
The Appellate Division majority and the dissenters in this Court nevertheless conclude that dismissal is mandated. We respectfully disagree for the reasons we have given and because our precedents were fully satisfied (compare, Matter of Aaron J., 80 N.Y.2d 402).
Notably, in 1994, a new subdivision was added to the statute that prospectively declares definitive legislative guidance and governance in the particular area of warrant-abscondment-nonappearances at court scheduled dates (see, Family Ct Act § 340.1 [7]). Section 340.1 was amended to provide that if a warrant has been issued due to a respondent's failure to appear in court, the date of issuance of the warrant to the date respondent subsequently appears in court shall be excluded from the computation of the time within which the hearing must commence under section 340.1 (see, L 1994, ch 501). This amendment does not govern this case, since respondent's case was decided prior to the legislative change. By sustaining the Family Court's correct ruling in this case under then-applicable principles, we neither sub silentio nor in any other way effect some retroactive ratification or application of the rules.
Finally, since this appeal is decided by application of the statute to the particular facts and record as governed by our pertinent, prestatutory amendment precedents, the presentment agency's waiver argument is not reached as unnecessary.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the order of disposition of Family Court should be reinstated.
SIMONS, J. (dissenting).
I dissent.
The provisions of Family Court Act § 340.1 and the prior decisions of this Court establish defined procedures which must be followed when adjourning the fact-finding hearing in a juvenile delinquency proceeding. The policy reasons supporting the legislation, and the reasons why it should be strictly adhered to, have been documented in our earlier decisions and are no longer open to dispute. Because those procedures were *393 not followed in this case, the order of the Appellate Division dismissing the petition should be affirmed.
Section 340.1 of Family Court Act specifies the time limits governing fact-finding hearings in juvenile delinquency adjudications. If, as here, the respondent is not in detention, the hearing must commence not more than 60 days after respondent's initial appearance (Family Ct Act § 340.1 [2]). On the court's own motion or that of the presentment agency or respondent, and upon a showing of good cause, the fact-finding hearing may be adjourned once for not more than 30 days (id., subd [4] [a], [b]). Successive motions to adjourn may be granted only for special circumstances (id., subd [6]). There must be "a showing, on the record" of special circumstances (id., subd [6]) and the court must "state on the record the reason for any adjournment" (id., subd [5]). We have held that adherence to these statutory provisions "[is] mandatory" (Matter of Randy K., 77 N.Y.2d 398, 403; see also, Matter of Frank C., 70 N.Y.2d 408, 414-415). The majority's analysis is in direct conflict with the plain language of the statute and our prior decisions interpreting it.
In the case before us, Family Court summarily adjourned the proceeding upon Jamar's unexpected appearance without inquiring whether petitioner's witnesses were currently available, and without stating the reason for the adjournment, as Family Court Act § 340.1 (5) and (6) require. Indeed, the court's failure to state that its reason for adjourning was the unavailability of witnesses raises a question whether the adjournment was in fact necessary because all the witnesses in this case, including the complainant, were police officers who may well have been easily summoned to court that day. Moreover, although respondent's unexpected court appearance may have provided "good cause" for an adjournment, this was the second adjournment of the proceedings and in such cases the statute requires a showing of "special circumstances", "a more exacting standard than that of `good cause'" (see, Matter of Nakia L., 81 N.Y.2d 898, 901). It is at least questionable whether the unavailability of a witness constitutes a special circumstance (id.), and certainly witness unavailability cannot qualify as a special circumstance unless unavailability is established on the record. Moreover, we have expressly held that a juvenile's absence does not automatically qualify as a "special circumstance" (Matter of Randy K., 77 NY2d, at 404, supra). Thus, it was critical that the court develop a record demonstrating the need for an adjournment and state why *394 special circumstances existed so that an appellate court could review whether it had correctly determined that the higher standard was satisfied (Matter of Frank C., 70 NY2d, at 414-415, supra).
Notwithstanding this established law, the majority holds that a record was unnecessary. After searching the record it concludes, intuitively, that the need for adjournment was obvious because the court "was presented with a manifest `special circumstances' development * * * [and] [e]veryone in the courtroom knew the witness-unavailability subject of the Family Court's explicit inquiry" (majority opn, at 390). Such observations are no more than speculation unsupported by any showing on the record because the Family Court Judge neither required a showing nor identified, for the record, any special circumstances as the statute expressly requires. It is not for this Court or the Appellate Division to perform tasks statutorily assigned to others and declare that manifestly special circumstances exist.
In analyzing the case, the majority acknowledges that Family Court Act § 340.1 (5) requires a statement on the record of the reasons for adjournment (majority opn, at 390). Nevertheless, it apparently views the statute's requirements as mere formalisms that need not be recognized. But the statute explicitly requires a record and, as our prior decisions make clear, the statute's requirements are to be strictly enforced (Matter of Randy K., 77 NY2d, at 402-403, supra).[*] This requirement has an important, substantive purpose. By requiring an inquiry and fact finding before granting an adjournment, the statute directs the court to discover whether an adjournment is, in fact, necessary. The procedure is designed to achieve the legislative purpose of swift and certain adjudication by avoiding unnecessary delay (Matter of Frank C., 70 NY2d, at 413, supra). The statute establishes a framework within which Family Court may determine the basis for a particular adjournment, and compliance with the statute provides the additional benefit of creating a record that is amenable to appellate review. "Requests for adjournments", we said in Frank C., "should always be considered in light of the statutory standards, and the court's conclusions should be *395 stated briefly on the record so that the propriety of various delays can later be assessed by a reviewing court" (id., at 414-415). Adjournments granted without the required showing and determination, or with conclusory determinations of "good cause" or "special circumstances," do not satisfy the statute (cf., Matter of Kasheen A., 197 AD2d 572).
The result here cannot be justified by reference to Matter of Aaron J. (80 N.Y.2d 402). In that case we were required to reconcile two inconsistent provisions, one mandating prescribed time limits (Family Ct Act § 340.1) and the other authorizing the use of "adjustment services" for juveniles in certain cases (Family Ct Act § 308.1). We subordinated strict compliance with section 340.1 to the provisions of section 308.1 by tolling the provisions of section 340.1 for the period during which the juvenile was engaged in adjustment services. We did so to "harmonize the various provisions of related statutes and to construe them in a way that renders them internally compatible" (80 NY2d, at 407). There is no similar statutory conflict in this case, and thus no departure from the literal requirements of the statute is warranted.
It is interesting to note that in Matter of Nakia L. (supra), the dissent suggested that because some evidence of special circumstances appeared in the record (as the majority maintains is the case here), this Court should remit to Family Court to make factual findings and determine the right to an adjournment (Matter of Nakia L., 81 N.Y.2d 898, 902, supra [Smith, J., dissenting in part]). The majority of this Court rejected that suggestion. In this case, however, the majority goes even further than the Nakia L. dissenter suggested. Rather than remit the case, it has divined special circumstances from an incomplete record and holds that the adjournment was justified.
The facts in this case, and the excuse proffered by the presentment agency on this appeal, are not materially different than the facts and excuses we rejected in Matter of Randy K. (77 NY2d, at 403, supra). That the Legislature subsequently amended the statute to address the problem in the future, as we urged them to do, is of no consequence in this case arising before the amendment's effective date (see, L 1994, ch 501). Consistent with our prior decisions, we held in Randy K., and should hold here, that the statute is to be strictly construed to give effect to the statutory goal of ensuring speedy adjudications. Any other result, the majority said in Randy K., would *396 constitute "impermissible judicial rewriting of the statute" (at 404). The majority here, by interpreting the statute to give the new amendment retroactive effect sub silentio not only rewrites the law governing this case involving a juvenile who failed to appear on a scheduled court date but also vitiates our prior decisions as they apply in all other cases.
Accordingly, I would affirm the order of the Appellate Division.
Order reversed, etc.
NOTES
[*] It is the existence of the statute mandating these procedures which distinguish this case from People v Spotford (85 N.Y.2d 593), People v Moissett (76 N.Y.2d 919) and People v Nixon (21 N.Y.2d 338) relied upon by the majority (see, majority opn, at 391). None of the proceedings in those cases were governed by a similar statutory mandate.