Simons, J.
(dissenting). I dissent.
The provisions of Family Court Act § 340.1 and the prior decisions of this Court establish defined procedures which must be followed when adjourning the fact-finding hearing in a juvenile delinquency proceeding. The policy reasons supporting the legislation, and the reasons why it should be strictly adhered to, have been documented in our earlier decisions and are no longer open to dispute. Because those procedures were *393 not followed in this case, the order of the Appellate Division dismissing the petition should be affirmed.
Section 340.1 of Family Court Act specifies the time limits governing fact-finding hearings in juvenile delinquency adjudications. If, as here, the respondent is not in detention, the hearing must commence not more than 60 days after respondent’s initial appearance (Family Ct Act § 340.1 [2]). On the court’s own motion or that of the presentment agency or respondent, and upon a showing of good cause, the fact-finding hearing may be adjourned once for not more than 30 days (id., subd [4] [a], [b]). Successive motions to adjourn may be granted only for special circumstances (id., subd [6]). There must be "a showing, on the record” of special circumstances (id., subd [6]) and the court must "state on the record the reason for any adjournment” (id., subd [5]). We have held that adherence to these statutory provisions "[is] mandatory” (Matter of Randy K., 77 NY2d 398, 403; see also, Matter of Frank C., 70 NY2d 408, 414-415). The majority’s analysis is in direct conflict with the plain language of the statute and our prior decisions interpreting it.
In the case before us, Family Court summarily adjourned the proceeding upon Jamar’s unexpected appearance without inquiring whether petitioner’s witnesses were currently available, and without stating the reason for the adjournment, as Family Court Act § 340.1 (5) and (6) require. Indeed, the court’s failure to state that its reason for adjourning was the unavailability of witnesses raises a question whether the adjournment was in fact necessary because all the witnesses in this case, including the complainant, were police officers who may well have been easily summoned to court that day. Moreover, although respondent’s unexpected court appearance may have provided "good cause” for an adjournment, this was the second adjournment of the proceedings and in such cases the statute requires a showing of "special circumstances”, "a more exacting standard than that of 'good cause’ ” (see, Matter of Nakia L., 81 NY2d 898, 901). It is at least questionable whether the unavailability of a witness constitutes a special circumstance (id.), and certainly witness unavailability cannot qualify as a special circumstance unless unavailability is established on the record. Moreover, we have expressly held that a juvenile’s absence does not automatically qualify as a "special circumstance” (Matter of Randy K., 77 NY2d, at 404, supra). Thus, it was critical that the court develop a record demonstrating the need for an adjournment and state why *394 special circumstances existed so that an appellate court could review whether it had correctly determined that the higher standard was satisfied (Matter of Frank C., 70 NY2d, at 414-415, supra).
Notwithstanding this established law, the majority holds that a record was unnecessary. After searching the record it concludes, intuitively, that the need for adjournment was obvious because the court "was presented with a manifest 'special circumstances’ development * * * [and] [e]veryone in the courtroom knew the witness-unavailability subject of the Family Court’s explicit inquiry” (majority opn, at 390). Such observations are no more than speculation unsupported by any showing on the record because the Family Court Judge neither required a showing nor identified, for the record, any special circumstances as the statute expressly requires. It is not for this Court or the Appellate Division to perform tasks statutorily assigned to others and declare that manifestly special circumstances exist.
In analyzing the case, the majority acknowledges that Family Court Act § 340.1 (5) requires a statement on the record of the reasons for adjournment (majority opn, at 390). Nevertheless, it apparently views the statute’s requirements as mere formalisms that need not be recognized. But the statute explicitly requires a record and, as our prior decisions make clear, the statute’s requirements are to be strictly enforced (Matter of Randy K., 77 NY2d, at 402-403, supra).* This requirement has an important, substantive purpose. By requiring an inquiry and fact finding before granting an adjournment, the statute directs the court to discover whether an adjournment is, in fact, necessary. The procedure is designed to achieve the legislative purpose of swift and certain adjudication by avoiding unnecessary delay (Matter of Frank C., 70 NY2d, at 413, supra). The statute establishes a framework within which Family Court may determine the basis for a particular adjournment, and compliance with the statute provides the additional benefit of creating a record that is amenable to appellate review. "Requests for adjournments”, we said in Frank C., "should always be considered in light of the statutory standards, and the court’s conclusions should be *395 stated briefly on the record so that the propriety of various delays can later be assessed by a reviewing court” (id., at 414-415). Adjournments granted without the required showing and determination, or with conclusory determinations of "good cause” or "special circumstances,” do not satisfy the statute (cf., Matter ofKasheen A., 197 AD2d 572).
The result here cannot be justified by reference to Matter of Aaron J. (80 NY2d 402). In that case we were required to reconcile two inconsistent provisions, one mandating prescribed time limits (Family Ct Act § 340.1) and the other authorizing the use of "adjustment services” for juveniles in certain cases (Family Ct Act § 308.1). We subordinated strict compliance with section 340.1 to the provisions of section 308.1 by tolling the provisions of section 340.1 for the period during which the juvenile was engaged in adjustment services. We did so to "harmonize the various provisions of related statutes and to construe them in a way that renders them internally compatible” (80 NY2d, at 407). There is no similar statutory conflict in this case, and thus no departure from the literal requirements of the statute is warranted.
It is interesting to note that in Matter of Nakia L. (supra), the dissent suggested that because some evidence of special circumstances appeared in the record (as the majority maintains is the case here), this Court should remit to Family Court to make factual findings and determine the right to an adjournment (Matter of Nakia L., 81 NY2d 898, 902, supra [Smith, J., dissenting in part]). The majority of this Court rejected that suggestion. In this case, however, the majority goes even further than the Nakia L. dissenter suggested. Rather than remit the case, it has divined special circumstances from an incomplete record and holds that the adjournment was justified.
The facts in this case, and the excuse proffered by the presentment agency on this appeal, are not materially different than the facts and excuses we rejected in Matter of Randy K. (77 NY2d, at 403, supra). That the Legislature subsequently amended the statute to address the problem in the future, as we urged them to do, is of no consequence in this case arising before the amendment’s effective date (see, L 1994, ch 501). Consistent with our prior decisions, we held in Randy K., and should hold here, that the statute is to be strictly construed to give effect to the statutory goal of ensuring speedy adjudications. Any other result, the majority said in Randy K., would *396 constitute "impermissible judicial rewriting of the statute” (at 404). The majority here, by interpreting the statute to give the new amendment retroactive effect sub silentio not only rewrites the law governing this case involving a juvenile who failed to appear on a scheduled court date but also vitiates our prior decisions as they apply in all other cases.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Kaye and Judges Smith, Levine and Ciparick concur with Judge Bellacosa; Judge Simons dissents in a separate opinion in which Judge Titone concurs.
Order reversed, etc.

 It is the existence of the statute mandating these procedures which distinguish this case from People v Spotford (85 NY2d 593), People v Moissett (76 NY2d 919) and People v Nixon (21 NY2d 338) relied upon by the majority (see, majority opn, at 391). None of the proceedings in those cases were governed by a similar statutory mandate.