In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Toussaint, J.), dated January 9, 2012, which granted the respondent’s motion to dismiss the petition and, in effect, dismissed the proceeding.
Ordered that the order is reversed, on the law, without costs or disbursements, the respondent’s motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on the petition.
The Presentment Agency filed a petition charging Jose E., the respondent, with acts which, if committed by an adult, would constitute the crimes of assault in the third degree (Penal Law § 120.00 [1]) and attempted assault in the third degree (Penal *630 Law §§ 110.00, 120.00 [1]). In a supporting deposition, the complainant alleged that during an argument, the respondent, her brother, punched her in the face, thereby breaking her nose.
The respondent moved to dismiss the petition on the ground that the Presentment Agency obtained the supporting deposition by an improper use of subpoena power. The respondent alleged that the complainant was subpoenaed to the Presentment Agency’s office and that the complainant was intimidated into signing the supporting deposition. According to the Presentment Agency, after multiple unsuccessful attempts to secure the complainant’s voluntary attendance, it issued a subpoena to the complainant directing her to appear at its offices, but denied that it coerced the complainant into signing the deposition. The Presentment Agency argued that it had the authority to issue the subpoena pursuant to Family Court Act § 307.2 (2). The Family Court granted the respondent’s motion to dismiss the petition, concluding that the Presentment Agency improperly used its subpoena power to conduct its investigation of the matter, and that since the resulting deposition was improperly obtained, it could not support the petition.
With respect to the period prior to the initiation of a juvenile delinquency proceeding with the filing of a petition by a presentment agency (see Family Ct Act § 310.1), Family Court Act § 308.1 establishes a preliminary procedure known as adjustment, an “informal consensual resolution of a case under probation service auspices” that enables an accused child to avoid the possibility of being formally adjudicated a juvenile delinquent (Matter of Aaron J., 80 NY2d 402, 406 [1992] [internal quotation marks omitted]). The process begins with the issuance of a Family Court appearance ticket directing the accused child and his or her parent or legal guardian to appear at a designated probation service on a specified return date, and a copy of the appearance ticket must be forwarded to the complainant (see Family Ct Act § 307.1 [1], [3]).
Family Court Act § 307.2 governs appearance ticket procedures and sets forth the authority of the probation service and the presentment agency when an accused child or the complainant fails to appear on the return date. At issue here is the subdivision relating to the failure of a complainant to appear: “If the complainant fails to appear on the return date specified on such appearance ticket, the probation service may, in its discretion, attempt to secure his [or her] voluntary attendance. Upon exercise of its discretion, probation services may take appropriate action under law including, but not limited to, written notification to the complainant or telephone communications *631 with the complainant. Efforts to secure the voluntary attendance of such person shall not extend beyond seven days subsequent to such return date and the probation service shall refer the matter to the appropriate presentment agency within such period. Upon referral, the presentment agency may take whatever action it deems appropriate, including the issuance of a subpoena or the filing of a petition pursuant to section 311.1” (Family Ct Act § 307.2 [2] [emphasis added]).
The plain language of Family Court Act § 307.2 (2) indicates that, once the matter is referred to the presentment agency, it is authorized to issue a subpoena to a recalcitrant complainant during the prepetition adjustment process (see Merril Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 307.2). The language at issue states that a presentment agency is permitted to take any appropriate action and gives two examples: filing a petition and issuing a subpoena. Only a presentment agency can file a petition (see Family Ct Act § 310.1 [2]). Thus, by linking “the issuance of a subpoena” with “the filing of a petition,” the statute clearly indicates that the presentment agency is the actor in each instance.
Moreover, the statute makes a clear distinction between the powers of the probation service and the presentment agency. While the probation service is only authorized to seek the “voluntary attendance” of a complainant, no such limit is placed on the authority of the presentment agency. Instead, the presentment agency is empowered to “take whatever action it deems appropriate, including the issuance of a subpoena” to secure the mandatory appearance of the complainant. This distinction in authority is reflected in the statutory procedures for the adjustment process. Family Court Act § 308.1 (11) provides that “[t]he probation service may not be authorized under this section to compel any person to appear at any conference, produce any papers, or visit any place.” There is no similar provision expressly precluding a presentment agency from issuing a subpoena and compelling a person to appear before it prior to the filing of a petition.
Furthermore, the statute does not expressly place limits on the purposes for which a presentment agency’s subpoena power may be used. The absence of such a limitation implies that the presentment agency can use its subpoena power for any appropriate purpose. Clearly the presentment agency is authorized to conduct an interview of a subpoenaed complainant to determine whether a matter is suitable for adjustment. If it finds that the matter is unsuitable for adjustment, there is nothing in the statutory scheme prohibiting the presentment *632 agency from using the interview to obtain a deposition of the complainant in support of a juvenile delinquency petition.
Contrary to the respondent’s contention, the phrase “issuance of a subpoena” in Family Court Act § 307.2 (2) does not refer to the Family Court’s general authority under Family Court Act § 153 to issue a subpoena to secure the presence of a necessary party at a hearing or proceeding. Since the Family Court does not obtain jurisdiction over a juvenile delinquency proceeding until the presentment agency files a petition (see Family Ct Act § 310.1), during the pre-petition adjustment process the Family Court does not have the authority to subpoena anyone. Furthermore, the limitations placed on a prosecutor’s use of a subpoena in criminal court under CPL 610.20 (2) are inapplicable to a presentment agency in a juvenile delinquency proceeding. The provisions of CPL article 610 have not been made explicitly applicable to juvenile delinquency proceedings (see Family Ct Act §§ 303.1 [1]; 370.1).
Accordingly, once unsuccessful attempts were made to secure the complainant’s voluntary appearance during the adjustment process, the Presentment Agency was authorized by Family Court Act § 307.2 (2) to issue a subpoena and compel her to appear at its offices. Nothing prevented the Presentment Agency from then obtaining a deposition from the complainant to support a juvenile delinquency petition. Since the respondent submitted nothing to substantiate his allegations that the complainant was coerced into signing the supporting deposition, it was properly obtained, and the petition was sufficient under Family Court Act § 311.2. Thus, the respondent’s motion to dismiss the petition should have been denied. Mastro, J.E, Lott, Austin and Cohen, JJ., concur.